# John Krupp v. Carol Ann Krupp

[ 236 A.2d 653 ]

October Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 5, 1967

*Joseph S. Wool* and *Saul Lee Agel* for libelant.

*O'Neill, Delaney & Valente* for libelee.

**Keyser, J.** The libelant seeks a decree of divorce on the ground that the libelant has lived apart from the libelee for more than three consecutive years without fault on his part and that the resumption of marital relations is not reasonably probable. 15 V.S.A. §551(7). The case is here on appeal by the libelant from findings of fact and the judgment order of the court dismissing the libel.

To warrant the granting of a divorce on the grounds stated, the libelant must affirmatively prove three essential elements: (1) that the parties have lived apart for more than three years, (2) that the living apart was without fault on the part of the libelant, and (3) that the resumption of marital relations is not reasonably probable.

It is the duty of the court, in making findings, to sift the evidence and state the facts. *Savard* v. *George,* 125 Vt. 250, 257, 214 A.2d 76; *Thompson* v. *Smith,* 119 Vt. 488, 496, 129 A.2d 638. This means that the court considers all the evidence bearing on the issues with impartial patience and adequate reflection and then formulates the findings couched in its own language. The court with little exception adopted verbatim the libelee's requests to find as its findings of fact. When a trial court makes its findings in this manner, it is in danger of being charged with overlooking the proper performance of its judicial function, and such practice is to be avoided, as should any procedure that suggests a failure to exercise independent judgment.

Notice of appeal from the judgment order brings the whole case, including all questions litigated in the court below which affect the final judgment, if they are briefed, to this Court for review. *Century Indemnity Co.* v. *Mead,* 121 Vt. 434, 436, 159 A.2d 325.

The libelee argues that the libelant's brief does not specifically put in issue any of the findings made below. We do not agree. The libelant's brief points directly to error in the finding that "the separation was the fault of the libelant." Enough appears to satisfy us there is a sufficient basis to present this question for review. 12 V.S.A. §2385; *Bresette* v. *Knapp,* 121 Vt. 376, 378, 159 A.2d 329.

The libelant claims finding 22 is not a finding of fact but is the conclusion of the court and is not supported by the evidence.

This finding reads:

"22. That the said libelant testified that separation was without fault on his part, that a resumption of the marital relationship is not reasonably probable however, that the said libelee, Carol Ann Krupp, testified that she would take her husband back today, and that as far as she was concerned that the resumption of marital relationship was reasonably probable.

Based upon the foregoing findings, the court is unable to find upon any creditable evidence that the separation of the parties, as the

libel was so-amended as of November 1963, was the fault of the libelee, Carol Ann Krupp.

That based on all of the evidence, the separation of the parties as of November 1963, was the fault of the libelant, John Krupp."

██ The first paragraph of this finding is clearly not a finding and cannot stand. This is not such a finding as the law requires. It merely recites testimony of the parties. A recitation of evidence in findings is not a finding of the facts contained in the testimony related and it cannot be so construed. *Savard* v. *George, supra; Amey* v. *Hall,* 123 Vt. 62, 65, 181 A.2d 69.

█ The second paragraph of this finding as the court states is "based upon the foregoing findings." At the same time the court states it is "unable to find upon any creditable evidence" that the separation was the fault of the libelee. This is a statement that in the trier's judgment the credible evidence did not produce a preponderance of evidence upon this subject for a finding to be made to this effect. *Little* v. *Little,* 124 Vt. 178, 181, 200 A.2d 276. It does not infer there was no evidence as to her being at fault for the separation, but does mean there was not a preponderance of evidence upon the subject sufficient for a finding to be made to this effect. *Crossman* v. *Crossman,* 124 Vt. 127, 130, 197 A.2d 818.

█ The parties separated on November 7, 1963 and have lived apart continuously ever since. The fact that the court could not find whether there was fault on the part of the libelee does not establish that the living apart was due to fault on the part of the libelant. The libelant has the burden of proving lack of fault on his part. Obviously, the libelee's conduct might well have a bearing on the issue and have a tendency to show the libelant's freedom from fault, or lack of it, in living apart from the libelee. But it is not a question for the court to find by the weight of the evidence which party is at fault. The question is whether the separation was "without fault on the part of the libelant." The court being unable to find a preponderance of the evidence that the libelee was at fault shows there was some fault on her part and tends to aid the libelant on the issue of his being without fault rather than being adverse to him. This finding does not serve to support the judgment dismissing the case.

█ The remaining paragraph of finding 22 to the effect that the separation was the fault of the libelant in the court's conclusion

and is an ultimate finding on this issue. Hence, if there is any creditable evidence to support this finding, we must affirm. 12 V.S.A. §2385; *Smith* v. *Lentini, Extr.,* 125 Vt. 526, 528, 220 A.2d 291; *Trask* v. *Walker's Estate,* 100 Vt. 51, 65, 134 A. 853.

The libelee refers to the evidence reported on page 54 of the transcript as bearing on this issue of the libelant's fault for the separation. Our reading of the transcript fails to disclose any further evidence on this point.

The evidence referred to shows the libelant denied that at the time he left his wife he was keeping company with another woman. He further testified that whatever association he had with any other woman occurred after he separated from his wife on November 7, 1963; that this was not a cause of the separation; and that the separation was without fault on his part. The foregoing evidence clearly fails to support the finding that the *separation* was the fault of the libelant.

There is a lack of legitimate findings to support the judgment order of the court. Numerous findings which the libelee relies upon in support of the judgment only recite the substance of certain testimony given by one party or the other. As such they are immaterial and are not for consideration. *Amey* v. *Hall, supra.*

An examination of the remaining findings properly made does not demonstrate any misconduct of the libelant or abuse by him of his wife and children. The findings do not establish the reason for, or the basis of, the separation adverse to the libelant. Neither do they establish factually or by inference that the libelant's conduct was the real cause of the breakdown of this marriage and that the living apart is his fault.

Since the subordinate facts in the legitimate findings do not support the court's conclusion, it cannot stand. *Thompson* v. *Smith, supra.*

The libelant's appeal from the judgment raises the question of whether the judgment is supported by the findings of fact. *Graham* v. *Slayton,* 122 Vt. 425, 430, 175 A.2d 809. The libelant contends the conclusion in finding 22 constitutes prejudical error and does not support the judgment order.

Without more appearing than is shown by the legitimate findings, there is insufficient support of the judgment order dismissing

the libel. Furthermore, there is no finding on whether or not the resumption of marital relations is reasonably probable. As pointed out a finding on this question is required to warrant the granting of a divorce. Since the findings do not settle the issues involved, the case must be returned for retrial.

*Reversed and remanded.*