## Oreste Valsangiacomo, Sr. v. Paige & Campbell, Inc.

[388 A.2d 389]

No. 181-76

Present: Barney, C.J., Daley, Billings and Hill, JJ. and
Keyser, J. (Ret.) Specially Assigned

Opinion Filed June 6, 1978

Motion for Reargument and Clarification of Order Denied June 27, 1978

*Valsangiacomo, Heilmann & Detora,* Barre, for Plaintiff.

*Charles T. Shea* and *Brooke Pearson* of *Gravel, Shea & Wright,* Burlington, for Defendant.

**Billings, J.** This declaratory judgment action was brought to determine ownership of certain insurance accounts developed, originated, or solicited by plaintiff during the time he was associated with defendant as an insurance salesman. After six days of trial, the lower court issued findings of fact, conclusions of law and an order determining that plaintiff had been an employee of defendant during the period of their relationship and that plaintiff was not entitled to any of the accounts. Plaintiff appeals this decision.

The plaintiff urges that the trial court erred by failing to determine whether an oral contract existed between the parties relative to ownership of the disputed accounts. In its findings, the trial court merely recited plaintiff's contention that the oral contract existed and defendant's denial of same. A recitation of testimony is not a finding of the facts contained in the testimony. *Krupp* v. *Krupp,* 126 Vt. 511, 514, 236 A.2d 653, 655 (1967). It provides no support for a judgment. See *id.* at 515, 236 A.2d at 656.

The purpose of findings under V.R.C.P. 52 is to make a clear statement to the parties, and to this Court if appeal is taken, of what was decided and how the decision was reached. *Wells* v. *Village of Orleans, Inc.*, 132 Vt. 216, 221, 315 A.2d 463, 466 (1974). In making findings, the court's duty is to sift the evidence with patience and reflection. *Krupp* v. *Krupp, supra*, 126 Vt. at 513, 236 A.2d at 654. Findings should be couched in the court's own language to avoid the danger of a charge that it failed to exercise independent judgment. *Id.*, 236 A.2d at 654-55.

Here there was conflicting testimony concerning the existence of an oral contract relative to ownership of the disputed accounts. Both parties submitted requests to find touching on this issue. The existence or nonexistence of the contract was central to any decision on this cause, and plaintiff was entitled to a definitive finding on the issue.

Defendant argues that the trial court was not required to resolve the oral contract issue, because plaintiff's complaint proceeded upon the theory that the ownership of the accounts depended exclusively upon whether plaintiff was an independent contractor or an employee during the time he was associated with defendant. Although generally cases are to be tried according to the issues made by the pleadings, new issues may be introduced by the conduct of the trial. *Brassard Brothers, Inc.* v. *Barre Town Zoning Board of Adjustment*, 128 Vt. 416, 420, 264 A.2d 814, 816 (1970). While the original complaint failed to allege any claim based upon an oral contract, the issue was raised by testimony during trial without objection. Once issues not raised by the pleadings are tried by the implied consent of the parties they are treated in all respects as if they had been raised by the pleadings. V.R.C.P. 15(b). The oral contract issue was part of the case.

In the case at bar, the issue of the existence of an oral contract was before the court and was critical to any final decision of this cause. The trial court's failure to find on this issue is error.

In view of the foregoing disposition of this cause, we do not reach the other claimed errors.

*Reversed and remanded.*