# Gaston and Clemence Trepanier, d/b/a Trepanier Granite Company v. Robert A. Eldred, d/b/a Eldred's Trucking

[400 A.2d 1001]

No. 74-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 3, 1979

*Monte & Monte*, Barre, for Plaintiffs.

*Samuel C. FitzPatrick*, Montpelier, for Defendant.

**Per Curiam.** Plaintiffs brought suit for merchandise delivered. Neither the delivery nor the charge therefor were disputed, but the defendant claimed to have paid the invoice in question, by cash rather than the usual check. The trial court made extensive findings on the disputed testimony, although many were recitals of testimony given rather than specific findings. See *Krupp* v. *Krupp*, 126 Vt. 511, 236 A.2d 653 (1967). It concluded that the witnesses either way were equally credible, and rendered judgment for the plaintiffs.

Defendant briefs at length the proposition that the plaintiffs must sustain the burden of proof, and that failure to meet the burden must result in a decision adverse to them. This general logic is impeccable once it is determined where the burden of proof lies. But it overlooks the very fundamental fact that on the issue of payment, the only point of dispute here, V.R.C.P. 8(c) places the burden of proof, as with other affirmative defenses, upon the party asserting the defense. *Town of Shelburne* v. *Kaelin*, 136 Vt. 248, 251, 388 A.2d 398, 400 (1978). Such party "shall affirmatively set forth and establish" the affirmative defense. Here, that party is the defendant. By tacit agreement he was permitted to introduce his evidence without a formal plea, but that does not alter his burden. His cogent argument about the effect of failing to meet a burden of proof applies against him, not in his favor.

*Judgment affirmed.*