## In re Application of Buttolph (Milton and Beatrice Barnes, Appellants)

[420 A.2d 859]

No. 132-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

September 8, 1980

*Lynch & Foley,* Middlebury, for Plaintiffs.

*James H. Ouimette,* Vergennes, for Defendants.

**Larrow, J.** Edward and Barbara Buttolph (applicants) filed an application with the Water Resources Board, under 10 V.S.A. § 1083, to construct a stormwater impoundment with a capacity in excess of 500,000 cubic feet on an unnamed tributary of Otter Creek in the Town of Middlebury. Following a hearing before a referee, preliminary findings of fact were issued, amended by the Board in two particulars, and adopted as so amended. A subsequent order issued, finding adequate provisions for public safety and promotion of the public good, and authorizing construction upon terms and conditions set out in the order. This appeal followed, taken by Milton and Beatrice Barnes, as owners of downstream property abutting the unnamed tributary.

The impoundment dam in question is somewhat unique. It is designed to retain water only during and immediately after major storms, and to regulate subsequent discharge into the tributary. Its purpose is to facilitate development of a 23 acre tract owned by applicants adjacent to a previous residential development by them which has problems with its present drainage system. The impoundment system is designed to prevent further overload on that existing system.

Four questions were certified to this Court under V.R.A.P. 13(d). Summarized, they present the following issues: (1) whether the Board failed to make findings on each and every factor enumerated in 10 V.S.A. § 1086; (2) whether there was a lack of substantial evidence sufficient to justify a finding for applicants under that section; (3) whether the certificate granted failed to impose flowage conditions sufficient to protect downstream owners from adverse effects; and (4) whether the Board erred in granting a certificate of public good.

■ Our view of this matter makes answers to all of the certified questions unnecessary. The case is quickly disposed of by affirmative answers to questions (1) and (4). Reversal and remand for a new hearing is required.

■ The statute, 10 V.S.A. § 1086, enumerates at length the specific factors to be considered by the Board in determining the question of public good, and mandates that it "consider and find" on these factors. It is quite apparent from a review of the findings as adopted and revised that at least two of the enumerated factors, water quality and timber cutting, were not found upon at all. Appellees argue that these factors are not involved, factually, but we cannot make such a determination at the appellate level. In any event, if the contention is accurate, a finding to that effect would seem to be required by the statute. Further, an examination of other findings discloses that they are not in fact findings, but merely recitals of the evidence, or lack thereof. This being a contested case under the Administrative Procedure Act, findings of fact are required, supported by an explicit statement of the underlying facts. 3 V.S.A. § 812. Recitals of evidence cannot support an order, as we first enunciated in *Krupp* v. *Krupp*, 126 Vt. 511, 514–15, 236 A.2d 653, 655–56 (1967). This long standing rule which we have often reiterated, e.g., *Hoefer* v. *Town of Brattleboro*, 137

Vt. 434, 407 A.2d 183 (1979), appears to have been ignored by both the referee and the Board. Even if the purported findings could be labelled as "conclusory findings," a matter of some doubt, they do not meet the criteria of 3 V.S.A. § 812. *In re Vermont Welfare Rights Organization*, 132 Vt. 622, 626, 326 A.2d 828 (1974). And the requirements of the statute cannot be waived by board rule. Cf. *In re Allied Power & Light Co.*, 132 Vt. 354, 321 A.2d 7 (1974) (Public Service Board).

Since the findings mandated by statute were not made, the order entered is without legal support, and the cause must be remanded for new hearing. Consideration of questions (2) and (3) is not, therefore, required. Because of the indicated remand, we would direct attention to the fact that the record of the hearing made by recording is in some portions unintelligible because of failure to properly identify the person speaking.

*Certified questions (1) and (4) are answered in the affirmative. The order appealed from is vacated and the cause remanded.*