**Louis Anthony Corporation, d/b/a Zonka's II v. Department of Liquor Control**

[432 A.2d 1186]

No. 57-80

Present: **Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.**

Opinion Filed June 2, 1981

*Griffin & Griffin, Ltd.,* Rutland, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *Michael R. Gadue* and *William E. Griffin,* Assistant Attorneys General, Montpelier, for Defendant.

**Underwood, J.** The appellant operates a bar known as Zonka's II located in South Royalton. It operates under first and third class liquor licenses issued by the appellee. The appellant was charged by the appellee with a violation of General Liquor Regulation No. 12, serving alcoholic beverages to a minor.

The parties are in substantial agreement as to all relevant facts. The appellant's part-time bartender served a 15-year-old girl alcoholic beverages after being shown her New York State identification card which stated that she was 18 years of age. The appellant concedes the violation.

Following a January 23, 1980, hearing, at which the appellant was represented by counsel, the Board decided to suspend the appellant's first and third class licenses for a period of 30 days. The appellant appealed the decision and the Board stayed the suspension, after eleven days, pending a resolution of the appeal. The Commissioner of the Department of Liquor Control, at the appellant's request, certified these two questions for appeal:

> (1) Whether General Liquor Regulation No. 13 is constitutional as said regulation is the presumed basis under which the Board found the suspension of the license.
>
> (2) Whether the notice of decision of the Liquor Control Board complies with 3 V.S.A. § 812 and whether said notice of decision has any legal validity.

The appellant was not charged with a violation of General Liquor Regulation No. 13, and it was therefore improper for the Commissioner to certify the first question to this Court. General Liquor Regulation No. 13 provides:

> For persons of questionable age, licensees shall demand such person to exhibit an adult identification card issued by the Liquor Control Board bearing such person's photograph and signature, or a photographic operator's license issued by the Vermont Department of Motor Vehicles bearing such person's photograph and signature.

 The constitutional question posed by the first certified question was not properly raised below and for that reason alone would not be for our consideration. *Cleveland* v. *Department of Employment Security*, 138 Vt. 208, 211, 414 A.2d 1157, 1159 (1980). Furthermore, any discussion of this constitutional issue would require the rendition of an advisory opinion, and this Court lacks the judicial power to do so.

> By no possible construction of the Constitution of this State can this power be enlarged to include the giving of an opinion upon a question of law not involved in actual and bona fide litigation *brought before the Court in the course of appropriate procedure*. Organically, courts are not instituted to render advisory opinions. A power to do so is in no wise incidental to the constitutional function

of the judiciary of this State and no act of the Legislature can confer it.

*In re Constitutionality of House Bill 88,* 115 Vt. 524, 529, 64 A.2d 169, 172 (1949) (emphasis supplied; citation omitted). See also *Wood* v. *Wood,* 135 Vt. 119, 120–21, 370 A.2d 191, 192 (1977) (applying the same rule of law to certified questions on appeal).

The second certified question inquires whether the Board followed the requirements of the Administrative Procedure Act. 3 V.S.A. §§ 801–820. It is obvious from the record before us that the Board did not comply with 3 V.S.A. § 812, which requires it to make separately stated findings of fact and conclusions of law in support of its decision. There is no concise and explicit statement of the underlying facts leading to its conclusions and decision to suspend the appellant's first and third class licenses. A rambling, stream of consciousness recitation of the testimony and exhibits presented at the hearing is not a finding of the facts contained in such testimony or exhibits, and does not comport with the statutory mandate of 3 V.S.A. § 812. *In re Buttolph,* 138 Vt. 573, 574–75, 420 A.2d 859, 860–61 (1980). Cf. *Valsangiacomo* v. *Paige & Campbell, Inc.,* 136 Vt. 278, 279, 388 A.2d 389, 390 (1978); *New England Power Co.* v. *Town of Barnet,* 134 Vt. 498, 502, 367 A.2d 1363, 1366 (1976). Such recitals do not indicate the credence placed upon the evidence by the Board, or the extent to which the evidence influenced the Board's decision, and so do not measure up to the requisite standard. *Id.*

The purpose of findings of fact and conclusions of law, as required by 3 V.S.A. § 812, is to make a clear statement to the litigants, and to this Court if an appeal is taken, of what was decided and how the decision was reached. This requires the Board to sift the evidence with patience and reflection and then to exercise its independent judgment. *Valsangiacomo* v. *Paige & Campbell, Inc., supra,* 136 Vt. at 280, 388 A.2d at 390–91; *Wells* v. *Village of Orleans, Inc.,* 132 Vt. 216, 221, 315 A.2d 463, 466 (1974).

Although the Board failed to follow the statutory mandate regarding findings of fact and conclusions of law to support its decision, the appellant admitted the violation charged.

574

The Board's error, therefore, is a harmless one with no prejudice to the appellant. The language of the Court in *Timney* v. *Worden,* 138 Vt. 444, 445, 417 A.2d 923, 924 (1980), seems most apt:

> Admittedly the findings are not a paragon of completeness and clarity, but it is the duty of this Court to look for all reasonable inferences to support the result reached if it can reasonably do so.

Cf. *State* v. *Murray,* 134 Vt. 115, 116, 353 A.2d 351, 353 (1976). We have no problem bridging the gap in this case and accordingly affirm the decision of the Board.

*We decline to answer the first certified question. The first part of the second certified question, we answer in the negative. The second part of the second certified question, we answer in the affirmative. The decision of the Liquor Control Board is affirmed.*