## In re Continental Telephone Co. of Vt., Inc.

[549 A.2d 639]

No. 86-082

Present: **Allen, C.J., Peck, J., and Barney, C.J. (Ret.), Keyser, J. (Ret.) and Costello, D.J. (Ret.), Specially Assigned**

Opinion Filed June 3, 1988

*Carroll, George & Pratt,* Rutland, for Plaintiff-Appellee.

*Michael Marks, Director for Public Advocacy,* and *Christopher A. Micciche* and *Sandra Eschenbrenner, Special Counsel,* Montpelier, for Defendant-Appellant.

**Barney,** C.J. (Ret.), Specially Assigned. The Department of Public Service challenges the order of the Public Service Board in this case allowing Continental Telephone Company a rate increase. The Department faults the Board's order for lack of evi-

dentiary support, insufficient foundation in the findings and inadequate exposition of its methodology. We affirm.

The issue on appeal is limited to the derivation of the rate of return on the Company's investment (equity) as determined by the Board. The Board concluded that the appropriate rate should be 14%, the same rate testified to as reasonable by the expert witness for the Department, and advanced as appropriate in the documentation filed by the Department in connection with the making of findings. The Company complains, with some force, that the Department ought not to be allowed to appeal a result which is consistent with its own advocacy. See, e.g., *Milne* v. *Capital City Gas Co.*, 129 Vt. 308, 309, 276 A.2d 632, 633 (1971).

In this case the Department complains that the order, although favorable, is without support in the findings. Assuming, for the purposes of this case, that that entitles the Department to challenge the order, we find the allegations of error and lack of support without foundation.

In fifteen findings relating to rate of return, followed by several pages of analytic conclusions and determinations, the Board thoroughly evaluated the evidence presented to it. To make its conclusions abundantly clear, it recited the testimony of both experts, one for each party, distinguished their results and made its own independent findings based on the evidence presented to it. This is not the procedure condemned in *Krupp* v. *Krupp*, 126 Vt. 511, 513-14, 236 A.2d 653, 655 (1967), where the court failed to extract its own findings from the recited testimony. The recitation of testimony, even when superfluous, is not the defect; it is the failure to go on to make a decision as to the facts in a manner to support the judgment.

Here the findings and conclusions are replete with analyses of the parts of the expert testimony which was accepted and rejected, with a focus on the evidentiary frame used to circumscribe the derivation of the rate of return. It is well to keep in mind that the end result of rate-making procedures is to develop a projected or future rate of return that may be reasonably expected to yield a return high enough to earn its cost of capital, the considered norm of competitive operations, but no higher, so as to avoid the generation of inordinate monopolistic profits. *In re Village of Hardwick Electric Department*, 143 Vt. 437, 443, 466 A.2d 1180, 1183 (1983). Since the rate of return is an artificial attempt to translate into a monopolistic enterprise the realities of the com-

petitive marketplace in terms of the utility's future earnings, it rests heavily on assumptions, estimates and projections of the future. Rate of return can be as inexact as the usual evidentiary development of future damage awards in cases involving tortious physical injury. If it were subject to precise measurement, applying a mere mathematical formula could do the task of the Board. Instead, the standards of 30 V.S.A. § 218 call for and expect the application of the expert judgment and expertise of the Board.

Here the Board, in making its determination of a reasonable return, arrived at the reasonable range of an admittedly inexact value from the expert testimony, and then, by accepting some proposed refinements and rejecting others, as it stated in its findings and conclusions, arrived at its version of a reasonable return. This is the function of the Board and it was properly performed here. The order is amply supported by the record, and by the recitations of the Board.

*Judgment affirmed.*