**In re Tariff Filing of CENTRAL VERMONT PUBLIC SERVICE CORP.**

**(Philip Goodman and John H. Macomber, Appellants)**

[711 A.2d 1158]

No. 97-148

___

March 20, 1998. Appellants Philip Goodman and John H. Macomber appeal from a decision of the Public Service Board approving the redesign of rates that Central Vermont Public Service Corporation (CVPS) charges its customers. Appellants contend that: (1) the decision was not supported by the evidence; (2) evidence was improperly admitted; and (3) the decision violated the Due Process and Commerce Clauses of the United States Constitution. We affirm.

I.

In May 1995, CVPS filed a proposal with the Board to redesign its rates under 30 V.S.A. §§ 218 and 225. Appellants later received limited permission to intervene. After a number of hearings, CVPS and the Department of Public Service entered into a Memorandum of Understanding (MOU) that proposed a comprehensive settlement of issues raised in the proceedings. Among other provisions, the MOU embodied a modification of existing rates by providing that short-term residential rentals subject to the Vermont Rooms and Meals Tax under 32 V.S.A. § 9202(3) would not be eligible for service under the residential rate, but rather would be subject to the general service rate. Following additional evidentiary hearings, the Board issued its decision approving those portions of the MOU relating to the Company's rate redesign. This appeal followed.

II.

We apply a deferential standard of review in appeals from the Public Service Board. See *In re Green Mountain Power Corp.*, 162 Vt. 378, 380, 648 A.2d 374, 376 (1994). Orders issued by the Board enjoy a strong presumption of validity. See *id.* Decisions regarding rate-making in particular "are subject to great deference in this Court so long as it can be shown they are directed at proper regulatory objectives." *In re Green Mountain Power Corp.*, 142 Vt. 373, 380, 455 A.2d 823, 825 (1983). We accept the Board's findings and conclusions unless the appealing party demonstrates that they are clearly erroneous. See *Green Mountain Power*, 162 Vt. at 380, 648 A.2d at 376; 30 V.S.A. § 11(b) (the Board's findings "shall be accepted unless clearly erroneous"). In reviewing such findings, "we give great deference to the particular expertise and informed judgment of the Board." *In re East Georgia Cogeneration Ltd. Partnership*, 158 Vt. 525, 531, 614 A.2d 799, 803 (1992).

With this deferential standard in mind, we turn to appellants' principal claim that the evidence failed to support the Board's conclusion that the proposed rate redesign was "just and reasonable." 30 V.S.A. § 218(a). The essence of appellants' argument is that the Board's decision cannot stand because it rests, in part, upon a flawed cost-of-service study. The study

was offered in support of CVPS's assertion that the load patterns, or usage of electric service, of dwelling units rented on a short-term basis differ from the typical load patterns of long-term residential consumers. The Board's hearing officers were aware of the study's shortcomings, noting the small size of the study group and the fact that it failed to control for variables other than short-term use.

The Board acknowledged these deficiencies, and consequently based its decision principally on other "evidence suggesting that the occupancy and usage patterns of [short-term rental] units differs from the typical residential dwelling." Expert testimony was adduced indicating that the intermittent occupancy of short-term rental units "result[ed] in a load pattern that is very different [from] the typical load shape of residential class consumers," and that intermittent use billed at the residential rate did not contribute proportionately to the recovery of fixed costs in electrical plant and equipment. Thus, providing service to short-term customers at the residential rate resulted in their not paying bills that fairly reflected their impact on the system, and simultaneously "end[ed] up unfairly pushing up the unit prices to everyone else on the tariff." These disparities were considered by the Board in determining the fairness of both the current and the proposed rate classifications. See 30 V.S.A. § 218(a) (Board shall not approve rates that are "unjustly discriminatory, or are found to be preferential").

The Board also found that determining the proper rate class, based on the obligation to pay rooms and meals tax, established a clear and uniform standard, in place of the "haphazard" arrangement for assigning customers then in effect. This was a "positive step" in the Board's estimation for both CVPS and its customers. Finally, in approving the rate redesign, the Board observed that it would be open to "further refinement" of the rate structure if new evidence were adduced in future proceedings.

As noted, "the standards of 30 V.S.A. § 218 call for and expect the application of the expert judgment and expertise of the Board." *In re Continental Tel. Co.*, 150 Vt. 76, 78, 549 A.2d 639, 640 (1988). Under this standard the Board was entitled to exercise its judgment in determining the weight to be accorded the expert evidence presented, and we may not second-guess that determination. When conflicting or, as here, imperfect evidence is admitted, it is not our province to reweigh such evidence, or reassess its credibility. See *In re Quechee Lakes Corp.*, 154 Vt. 543, 554-55, 580 A.2d 957, 963-64 (1990). Accordingly, on this record we cannot say that the Board's approval of the proposed rate redesign was clearly erroneous. See *Green Mountain Power*, 162 Vt. at 380, 648 A.2d at 376.

Appellants' remaining contentions are equally without merit. They argue that the Board improperly relied on nonrecord considerations when it observed that "the present movement towards restructuring the electric industry may affect how we examine this issue in the future." Contrary to appellants' assertion, this observation at the end of the Board's decision does not appear to have played any role in its approval of the rate redesign.

Appellants next assert that the hearing officers improperly admitted "explanation of pre-filed testimony when the affiants were not present." Appellants have not identified the hearing or hearings when this "explanation" was allegedly admitted, the witnesses it concerned, the testimony it involved, or whether it was relied upon by the Board and influenced its decision. We do not engage in a search for errors that have not been adequately referenced and briefed. See *Buttura v. Buttura*, 143 Vt. 95, 98, 463 A.2d 229, 230 (1983). Accordingly, the claim is waived.

Appellants further allege that the Board's ruling violates the Commerce Clause of the United States Constitution by discriminating against second-home owners who pay the rooms and meals tax. The rate-classification rule adopted by the Board makes no distinction between in-state and out-of-state residents, and there is no record evidence that it impacts out-of-state residents disproportionately. Accordingly, there was no constitutional violation. Cf. *Camps Newfound/Owatonna v. Town of Harrison*, 520 U.S. 564, 578-81, 117 S. Ct. 1590, 1599-1600 (1997) (invalidating state tax exemption that expressly excluded organizations operated for benefit of nonresidents); see also *Commonwealth Edison Co. v. Montana*, 453 U.S. 609, 619 (1981) (rejecting claim that generally applicable state tax violated Commerce Clause because it had disproportionate impact on out-of-state businesses).

Finally, appellants assert that the notice of the proposed rate redesign was inadequate and violated due process. Appellants do not contend that the filings and notices provided by CVPS failed to comport with the notice requirements of 30 V.S.A. § 225(a). Moreover, appellants plainly were on notice of the proposed rate redesign and had the opportunity to present evidence, cross-examine witnesses, and file briefs and proposals for decision. This was all the process that was due. See *Ratepayers Coalition of Rochester v. Rochester Elec. Light & Power Co.*, 153 Vt. 327, 330-32, 571 A.2d 606, 607-09 (1989) (compliance with 30 V.S.A. § 225 notice requirements satisfies due process).

*Affirmed.*