*Hartley Auto Sales v. State*, No. 189-4-19 Wncv (Tomasi, J., Aug. 3, 2020).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT

| SUPERIOR COURT<br>Washington Unit | CIVIL DIVISION<br>Docket No. 189-4-19 Wncv |
| --- | --- |

| | |
| --- | --- |
| Hartley Auto Sales & Service LLC<br>and Glenn Hartley III,<br>  Petitioner<br><br>  v.<br><br>State of Vermont Agency of<br>Transportation,<br>  Respondent | |

Opinion and Order on Appeal From the Department of Motor Vehicles

Petitioners Hartley Auto Sales & Service LLC and Mr. Glenn Hartley III

(collectively, Mr. Hartley) seek Rule 74 review of the Vermont Department of Motor

Vehicles' (DMV's) decision, following a hearing, to not renew their used car dealer

license.  The Court makes the following determinations.

I.      Standard

Mr. Hartley's appeal is on the record pursuant to Rule 74.  *See* 23 V.S.A. §

105(b) ("A person aggrieved . . . may have such decision reviewed by the Superior

Court pursuant to Rule 74 of the Vermont Rules of Civil Procedure.").  The Vermont

Supreme Court has described the nature of Rule 74 review as follows:

> Courts presume that the actions of administrative agencies are
> correct, valid and reasonable, absent a clear and convincing showing to
> the contrary.  Therefore, judicial review of agency findings is ordinarily
> limited to whether, on the record developed before the agency, there is
> any reasonable basis for the finding.  Courts must remember that
> "(a)dministrative agencies belong to a different branch of government,"

and that "(t)hey are separately created and exercise executive power in administering legislative authority selectively delegated to them by statute."

*State Dep't of Taxes v. Tri-State Indus. Laundries, Inc.*, 138 Vt. 292, 294 (1980) (citations omitted).

II. <u>Analysis</u>

Mr. Hartley was originally informed that his registration would not be renewed by letter from the Commissioner of the DMV because (1) he had been given administrative penalties for misrepresenting known defects to purchasers, (2) he had a 2018 criminal "no contest" conviction for "false pretenses," and (3) several checks from him to the DMV had been returned for insufficient funds.

Mr. Hartley was advised in the letter that he could "appeal" administratively, and he did. By "appeal," the letter presumably intended an evidentiary hearing pursuant to the Commissioner's authority at 23 V.S.A. § 105(a), which provides:

> In the administration of the laws relating to motor vehicles and to the operators and the operation of motor vehicles, the Commissioner may conduct hearings, subpoena witnesses, administer oaths, and take testimony. He or she may also cause depositions to be taken and order the production of books, papers, and records relating to the matter under investigation. The fees for travel and attendance of witnesses and fees for officers shall be the same as for witnesses and officers before a court and shall be paid by the State upon presentation of proper bills of cost to the Commissioner of Finance and Management. The fees of witnesses summoned or used by the petitioner shall be paid by him or her. The Commissioner may appoint a hearing examiner to conduct hearings. At all hearings, conducted by either the Commissioner or a hearing examiner, an oath shall be administered.

Mr. Hartley's hearing was conducted by a hearing examiner, who took evidence and issued a written decision, which the Commissioner later reviewed and approved.

The following provisions of law are directly applicable to the denial of Mr. Hartley's renewal application.  To be eligible as a dealer, one must have "no previous record of willful violations of dealer laws or regulations" and no convictions "for extortion, forgery, fraud, larceny, or embezzlement" within 10 years.  23 V.S.A. § 450a(1), (2); *see also* 23 V.S.A. § 462 (describing complementary grounds for cancelation of a dealer's registration).  A DMV regulation further provides that the applicant must have "no history of violations of issuing nonnegotiable, insufficient funds, account closed, or counterfeit checks" within 5 years.  Code Vt. Rules 14-050-050, Part A § I(D)(4).

On appeal, Mr. Hartley argues that the hearing officer's decision should be reversed because he has not been found to have violated dealer laws or regulations *willfully*; he has no convictions "for extortion, forgery, fraud, larceny, or embezzlement;" and that, while the DMV received some checks from him that were returned for insufficient funds in 2017, that was a mere innocent mistake due to a switch in his financial institutions that he promptly corrected, and there has been no issue since.  Mr. Hartley also argues that the hearing officer erred by admitting Detective Bottino's investigative report into evidence.

The State argues that the hearing officer's decision should be affirmed because, as a matter of law, Mr. Hartley's dealer law violations reflect willfulness, his "false pretenses" conviction reflects fraud, and his asserted good faith regarding the bad checks is irrelevant.  Notably, the State does not argue that the hearing officer actually made findings to those ends.  Rather, the State marshals the

3

underlying evidence in the case and essentially argues its positions as a matter of law. It also contends that the Rules of Evidence do not apply to the proceeding and that the Bottino report was properly admitted.[1]

This appeal is on the record. At its most basic level, the Court reviews the findings of fact to ensure that they have adequate evidentiary support and the conclusions of law to ensure that they properly follow from the findings. Here, the hearing officer's decision contains virtually no effective findings. Instead, the purported findings consist largely of mere recitations of testimony or other evidence. "A recitation of evidence in findings is not a finding of the facts contained in the testimony related and it cannot be so construed." *Krupp v. Krupp*, 126 Vt. 511, 514 (1967). A finding, for example, to the effect that a witness testified to X does not on its own establish X; it merely establishes that there was testimony on X. In this case, the most significant evidence in support of nonrenewal would have been in Mr. Bottino's report and testimony.

Even if the hearing examiner found that evidence persuasive, however, the decision is flawed because the findings do not determine the facts; they merely recite what the report said or what Mr. Bottino testified. This likely explains why

---

[1]The Court agrees with the Commissioner that, under 3 V.S.A. § 816(b), the Rules of Evidence are not applicable to this proceeding, and the report was properly admitted. Further, given that Mr. Bottino testified and was subject to cross-examination, Mr. Hartley has not shown any prejudice from the admission of the report itself. *See* Vt. R. Civ. P. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.").

the State attempts on appeal to argue the evidence and the law rather than focusing on the hearing examiner's findings and conclusions.

The decision is clearest in paragraphs 7 and 8 of the conclusions, which read as follows:

> At the administrative hearing, Hartley admitted his mistakes, stated that he never intended to defraud the public, and is always mindful of customer satisfaction. Hartley contends that the Royer and West truck episodes were overstated by DMV; in both instances the vehicles were first repaired at Petitioner's expense and later taken back by Petitioner in order to keep the customer happy. In Hartley's view, the problem lay in the DMV's unclear definition of how much body rust can be acceptable before a vehicle must be declared unsafe. He notes that Petitioner no longer is designated as an inspection station and no longer inspects its own vehicles. The protested checks problem arose when a closed bank account was mistakenly used; he now deals with DMV on a cash basis. He explained that he pled no contest to the criminal misdemeanor false pretenses charge because he did not want to risk a fraud conviction. He noted that the superior court judge warned him that DMV would be 'keeping him on a short leash' in the future.

> Given Hartley's position as its owner and manager, Petitioner cannot avoid responsibility for his past record. This record, whether accumulated through honest error, ignorance, ineptitude, willful disregard for existing rules and law, or some combination thereof, cannot be disregarded by DMV. Based upon the testimony and evidence presented, DMV acted properly in refusing to renew Petitioner's dealer registration renewal. Accordingly, I uphold DMV's refusal to renew Petitioner's UCD license.

The above is insufficient to amount to "findings of fact." The purpose of the hearing was to take evidence on the issue of renewal. The hearing examiner's role then was to make the findings and conclusions that would amount to a sound decision on renewal.

5

Instead, with specific regard to the issues briefed by the parties, the hearing examiner did not determine that Mr. Hartley's violations were willful or even "appeared" willful. Instead, the decision asserts that Mr. Hartley is responsible regardless of such determinations. That is not the law.

The hearing examiner also never analyzed Mr. Hartley's false pretenses "no contest" conviction to determine whether, under the applicable statutes and rules, it was admissible in the proceeding and whether Section 450a should be interpreted to incorporate "equivalent" crimes that are not expressly listed in the law.[2] Nor does the hearing examiner explain why an apparent one-time (and based on the lack of more damning findings) innocent mistake with Appellant's bank account amounts to a "history of violations of issuing nonnegotiable, insufficient funds, account closed, or counterfeit checks" independently warranting the nonrenewal of his license. It is possible that the examiner could have made factual findings to support the conclusions made, but he did not.

The thrust of the State's briefing, that the Court should directly review the evidence and make these determinations as a matter of law, largely misses the point. The decision was required to be made in the first instance by the Commissioner of the DMV (or appointed hearing examiner) following an evidentiary

---

[2] Further complicating the legal landscape is Mr. Hartley's proffer that the conviction for false pretenses has now been expunged. If true, it is unclear whether and to what extent such a past conviction can be still be relied upon in this proceeding. *See* 13 V.S.A. § 7606(b)(a) (person for whom offense is expunged "treated in all respects as if he or she had never been arrested, convicted, or sentenced for the offense."

hearing once that hearing was requested by Mr. Hartley. At such a hearing, the Commissioner would need to exercise her judgment as to the facts and as to how the relevant statutes and rules ought to be interpreted, and those interpretations likely would be subject to deference if further reviewed here. *See Plum Creek Maine Timberlands, LLC v. Vermont Dept. of Forests, Parks and Recreation*, 2016 VT 103, ¶ 25, 203 Vt. 197, 207 ("[A]gency determinations regarding the proper interpretation of policy or methodology within the agency's expertise are entitled to deference."). The Court cannot simply arrive at its own view of the record on appeal and substitute that for what the Commissioner ought to have done in the first instance.

Where a lower tribunal has not provided sufficient findings of fact, the Court retains authority to remand to an administrative body for additional proceedings and findings. *See, e.g., Town of Victory v. State,* 2004 VT 110, ¶ 24, 177 Vt. 383, 393 ("where court found property valuation methodology "fundamentally flawed," court "should have remanded the matter back to PVR to determine the valuation anew after correcting the flaws the court found."); *Conservation Law Foundation v. Burke*, 162 Vt. 115, 128 (1993) (noting that insufficient record for agency action typically warrants remand). It will follow that course in this case.

<u>Conclusion</u>

For the foregoing reasons, the hearing examiner's decision is vacated, and this case is remanded for a new decision consistent with this opinion.

Dated this __ day of July 2020 at Montpelier, Vermont.

_____
Timothy B. Tomasi
Superior Court Judge