VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.        23-AP-025

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JUNE TERM,   2023

Joshua Scheffler v. Mikaela Casey*

}  APPEALED FROM:
}  Superior Court, Bennington Unit,
}  Family Division
}  CASE NO. 89-7-20 Bndm
   Trial Judge: Howard A. Kalfus

In the above-entitled cause, the Clerk will enter:

Mother appeals from the trial court's denial of her motion to modify parental rights and responsibilities (PRR) and parent-child contact (PCC) as to the parties' son. We affirm.

The parties were married in April 2017 in California. They subsequently moved to Vermont, where their son was born in October 2017. In April 2019, mother left Vermont to join the military and was stationed in North Carolina. Father and son remained living in Vermont. For the next year or so, under the parties' voluntary arrangement, son visited with mother in North Carolina for certain periods of time, but primarily lived with father in Vermont. A North Carolina court granted mother's petition for a divorce in June 2020.

The following month, mother filed a motion to establish PRR and PCC in Vermont. After a contested hearing, the family division issued a final order in November 2020. It awarded the parties shared legal PRR because they agreed to that arrangement. The court awarded father primary physical PRR and mother daily telephone or virtual contact as well as in-person contact during specified holidays and other periods.

In July 2022, mother filed a motion to modify PRR and PCC based on her imminent relocation from North Carolina to Vermont, father's alleged refusal to work cooperatively with her, and alleged deficiencies in father's parenting. In December 2022, the family division held a contested hearing and issued findings of fact and conclusions of law on the record. Ultimately, the court denied mother's motion to modify without examining the statutory best-interests factors because it determined that mother had not demonstrated a real, substantial, and unanticipated change of circumstances warranting a best-interests analysis.

Shortly thereafter, mother filed a motion requesting that the court require the parties to attend mediation to assist with modification of the current order governing PRR and PCC. The court denied the motion on the basis that it had already ruled that modification was not warranted.

On appeal, mother raises several challenges to the court's order denying her motion to modify PRR. We review the family division's decision as to whether there has been a real, substantial, and unanticipated change in circumstances for abuse of discretion. Wener v. Wener, 2016 VT 109, ¶ 17, 203 Vt. 582. As we have explained:

> Modifying a rights-and-responsibilities order is a two-step process. First, the moving party must demonstrate that a real, substantial, and unanticipated change of circumstances has occurred, and then only after such a finding may the court move on to the question of whether a modification is in the best interests of the children.

LaFlam v. LaFlam, 2022 VT 57, ¶ 12 (quotations and brackets omitted). "So long as it applied the correct legal standards, we will uphold the court's factual findings unless they are clearly erroneous and will affirm its legal conclusions if supported by the findings." Vance v. Locke, 2022 VT 23, ¶ 11.

Mother first contends that the trial court erroneously denied her motion to modify because it failed to analyze the best-interests criteria under 15 V.S.A. § 665. Motions to modify PRR and PCC are governed by 15 V.S.A. § 668, not § 665. Likewise, mother's citations to case law involving initial custody determinations are not applicable. Because the court concluded that mother had not met the threshold of demonstrating a change in circumstances, it properly declined to consider the statutory best-interests factors. LaFlam, 2022 VT 57, ¶ 12.

Mother also argues that the trial court's conclusion regarding changed circumstances was erroneous because the evidence favored her. She asserts the evidence showed that communication between her and father had declined, and that father had been neglecting son. She also suggests that her testimony was more credible than father's testimony. Determinations regarding the weight of the evidence or the credibility of witnesses are strictly within the trial court's purview, and we will not revisit them on appeal. Mullin v. Phelps, 162 Vt. 250, 261 (1994). We are satisfied that the court's decision rested on adequate findings, supported by evidence in the record. See Quinones v. Bouffard, 2017 VT 103, ¶ 10, 206 Vt. 66 ("The court's factual findings must stand unless, viewing the record in the light most favorable to the prevailing party and excluding the effect of modifying evidence, there is no credible evidence to support the findings." (quotation omitted)).

Here, for each instance of father's neglect to which mother testified, father either denied mother's version of events or provided an innocuous explanation. The court found that each party was equally credible, but because mother had the burden of proof to demonstrate changed circumstances, she failed to meet her burden insofar as it was premised on neglect of the custodial parent. See Trepanier v. Eldred, 137 Vt. 108, 109 (1979) (per curiam) (holding that party failed to meet its burden of proof because trial court found witnesses equally credible).

Mother argues that father failed to cooperate with her because he refused to attend mediation in violation of the court's order. However, the trial court denied mother's motion for mandated mediation, so any refusal by father would be consistent with the court's rulings and would not show a breakdown in communication. Mother also contends that father "continues to show the same inability [to communicate] that the trial court noted about in 2020." This assertion, if true, shows circumstances have stayed the same rather than changed. The court found, based on the parties' testimony, that their ability to work together may have declined to some extent, but that there was no evidence of significant deterioration. Moreover, the court

2

noted, and mother does not contest, that the parties were able to work cooperatively in fashioning a voluntary change to the PCC schedule following mother's relocation to Vermont, thereby demonstrating an ability to work collaboratively when necessary. These findings are supported by record evidence, and in turn support the court's conclusion that any change in circumstances regarding cooperation was not substantial.

Mother additionally contends that her relocation to Vermont constituted a substantial change of circumstances. We have held that "relocation without more is not per se a substantial change of circumstances." Habecker v. Giard, 2003 VT 18, ¶ 6, 175 Vt. 489 (mem.) (quotation omitted). As we explained in Hawkes v. Spence, "relocation is a substantial change of circumstances justifying a reexamination of parental rights and responsibilities only when the relocation significantly impairs either parent's ability to exercise [their parental rights and] responsibilities." 2005 VT 57, ¶ 13, 178 Vt. 161 (quotation omitted). Mother's attempt to analogize this case to Hawkes is unpersuasive. There, the Court concluded that relocation by the custodial parent hundreds of miles away from Vermont had the potential to significantly interfere with the noncustodial parent's contact and relationship with the child and therefore constituted a real, substantial, and unanticipated change in circumstances. Id. ¶¶ 18-19. Mother's citations to Bonk v. Bonk, 2018 VT 15, ¶ 9, 206 Vt. 522, and Hoover v. Hoover, 171 Vt. 256, 260 (2000), are likewise inapplicable because both involved a move by the custodial parent away from the noncustodial parent. Here, by contrast, mother has moved much closer to father and son and her contact with son has increased. Mother does not contest the family division's finding that her relocation enhanced, rather than impaired, her ability to exercise her parental rights or responsibilities. Thus, the trial court did not err in concluding that mother failed to show a substantial change in circumstances.

Given the above analysis, we reject mother's argument that the trial court did not provide adequate reasons for its decision. This contention appears to be based primarily on the premise that the trial court needed to address the statutory best-interests criteria and failed to do so. We previously rejected this premise.

Mother also contends that the court erred by failing to acknowledge that in its 2020 order regarding PRR and PCC, it stated that the parties could request modification of PRR to address any ongoing concerns regarding factors (5) and (8) under 15 V.S.A. § 665(b). This statement merely informs the parties that they have a right to request modification. The fact that one parent's dangerous or neglectful behavior could potentially be grounds for modifying a PRR order does not mean that the other parent's allegation of such behavior automatically entitles them to their requested modification. As the trier of fact, it is for the court to assess the credibility of witnesses and weigh the evidence before exercising its discretion to determine whether there has been a change in circumstances. Mullin, 162 Vt. at 261. The court did so here, and it applied the correct legal standards. The court's statement in its 2020 order was not inconsistent with its denial of mother's motion to modify, and mother has not identified any error in the court's analysis.

Finally, mother argues that the trial court's decision was inconsistent with a statement that it made orally on the record. In explaining why mother's relocation back to Vermont did not constitute changed circumstances warranting modification of the existing order, the court stated:

> You know, you worked out a very reasonable schedule. That's not
> to say that the fifty-fifty schedule wouldn't be better. In fact, I
> think it would be. But you were able to work that out on your

3

own, and you are to be commended for that. So I don't believe the relocation constitutes changed circumstances.

The court's suggestion that a fifty-fifty schedule might be better than the PCC schedule the parties crafted and agreed upon themselves did not undermine its conclusion that mother had not met the legal threshold for demonstrating changed circumstances. The question before the court was not which schedule works best for the family but rather whether mother had met the statutory standard of changed circumstances that warrants revisiting the existing PCC order. Mother has not identified any error in the latter inquiry, and she has not otherwise provided a basis for disturbing the court's decision.

      Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice


_____
William D. Cohen, Associate Justice


_____
Nancy J. Waples, Associate Justice

4