## Town of Wallingford v. Green Mountain Insurance Company, Inc.

[443 A.2d 468]

No. 97-81

Present: Barney, C.J., Billings, Hill and Peck, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 2, 1982

Motion for Reargument Denied February 18, 1982

*Paul S. Kulig* of *Keyser, Crowley, Banse, Abell & Facey,* Rutland, for Plaintiff.

*William W. Pearson* of *Downs, Rachlin & Martin,* South Burlington, for Defendant.

**Peck, J.** This appeal had its inception in a civil action sounding in tort against appellee Town of Wallingford by certain residents of the Town of Clarendon alleging damages to persons and property resulting from the manner in which appellee maintained and operated (in Clarendon) its refuse disposal area—less euphemistically, the town dump.

The town, as defendant in the earlier action, called upon its insurer, the appellant here, to defend the action against it. Appellant declined to do so contending that the particular claim made against the town was not covered by the terms of the policy. The litigation proceeded terminating in a judgment against the town, which, together with its attorney's fees, the town paid. This action was commenced when the insurer refused also to indemnify and reimburse the town as demanded.

The parties waived formal presentation of evidence and submitted the case to the lower court on an agreed statement of facts and memoranda of counsel. The court in turn made no specific, independent findings. Instead, under a heading of "Findings of Fact," the presiding judge stated: "The Court hereby adopts by reference and finds the facts as contained in the Stipulation of Facts filed herein on October 9, 1980." Defendant appeals from a judgment in favor of the town.

In instances such as this, where there is in fact no formal presentation of evidence, there is perhaps less reason to condemn the action of the trial court in failing to make its own findings independently of any documents submitted by

the parties, such as adopting without change various requested findings submitted by the parties, a practice of which we have expressed disapproval. *Central Cab, Inc.* v. *Ironside,* 126 Vt. 356, 360–61, 230 A.2d 790, 794 (1967). In this case there was no evidence to sift, *id.; Krupp* v. *Krupp,* 126 Vt. 511, 513, 236 A.2d 653, 654 (1967), against which the findings could have been measured for adequacy of support.

On the other hand, actions submitted below, in whole or in part, on an agreed statement of facts have problems peculiar to themselves, *Grand Lodge of Vermont* v. *City of Burlington,* 104 Vt. 515, 517, 162 A. 368, 369 (1932); *Louden Machinery Co.* v. *Day,* 104 Vt. 520, 522, 162 A. 370, 371–72 (1932). These problems are but another reason why the trial courts should exercise close supervisory responsibility of proceedings before them; oversight should not be relaxed simply because the facts are agreed upon. Findings should be couched in the court's own language to avoid the danger of an accusation, or indeed the possibility, that the items contained in the agreed statement have not been carefully reviewed and analyzed, or that the court has not exercised independent judgment. *Valsangiacomo* v. *Paige & Campbell, Inc.,* 136 Vt. 278, 280, 388 A.2d 389, 391 (1978).

The actions of our lower courts in failing to heed the concerns, expressed in previous decisions, whenever findings of fact are literally "copied" uncritically from agreed statements or requests to find submitted by the parties, clearly places this Court on the horns of an unpleasant dilemma as will hereinafter appear. We do not suggest that the courts are deliberately ignoring or standing in defiance of this Court's disapproval of the practice which we have indicated several times in the past. Nevertheless, it does recur periodically and the time seems ripe to indicate our concern through some action stronger than the mere expression of it.

While we have been critical in the past, we have indulged in presumptions of judicial propriety and the sufficiency of copied findings to support the judgment, and overlooked the defect as not prejudicial. *Frost* v. *Tisbert,* 135 Vt. 345, 347, 376 A.2d 748, 750 (1977); *Central Cab, Inc.* v. *Ironside, supra,* 126 Vt. at 360–61, 230 A.2d at 794. If we are to adopt a different course now, we are forced to balance on a

fine line between the interests of the litigants on the one hand, that is, responding to their reasonable expectation of an expeditious disposition of the controversy. It has been well said that a delay of justice is injustice; we subscribe to this principle without reservation. On the other hand, the very justice which judges must implement to the extent their jurisdiction permits, demands close, and above all, independent supervision, analysis, and judgment in matters before them. Steps taken to insure this are also in the interests of justice, looking beyond the limits of a particular time or case.

██ We are satisfied that in this case a remand for findings of fact in accordance with this opinion, and a reconsideration of the conclusions and order will not result in any substantial injustice to the parties involved, and will, it is hoped, bring home more forceably to our capable trial bench the desirability, for the reasons stated herein, of making findings of fact prepared by the court in its own language, based on its own considered analysis of the facts, however presented, and upon the requests to find if any are submitted.

*Judgment vacated, cause remanded for findings of fact in accordance with this opinion.*