### State of Vermont v. David P. Williams

[451 A.2d 1142]

No. 355-81

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed September 7, 1982

*Dale O. Gray,* Caledonia County State's Attorney, St. Johnsbury, and *John J. Easton, Jr.,* Attorney General, *Glenn A. Jarrett,* Assistant Attorney General, and *Bonnie Holm* and *Timothy Shanley,* Law Clerks (On the Brief), Montpelier, for Plaintiff-Appellee.

*Leo A. Bisson, Jr.,* and *Marc B. Heath* of *Downs Rachlin & Martin,* St. Johnsbury, for Defendant-Appellant.

**Hill, J.** The defendant appeals from his conviction for being an accessory after the fact to a homicide in violation of 13 V.S.A. § 5. We reverse.

The defendant and the State entered into a plea agreement, which provided that the defendant would plead guilty to the offense of accessory before the fact to assault and robbery. See 13 V.S.A. § 608(c). The trial court sentenced him to a seven-to-twenty year sentence on this plea, and he has not appealed from that judgment. The parties also entered into another plea agreement, which, in pertinent part, provided:

> Defendant shall enter a plea of nolo contendre [sic] to accessory after the fact to a homicide (13 V.S.A. § 5) and the common law crime of misprision of a felony. The State agrees to present a factual basis for either or both charges within two weeks. This will be accomplished on the basis of stipulated facts and, if necessary, testimony. The State agrees that the Court must find an evidentiary basis for one or both charges, otherwise the Defendant will be ac-

quitted of both charges. If the Court finds a basis for both charges, then the Defendant shall be found guilty only of being an accessory after the fact to a homicide. If the Court finds a factual basis only for misprision of a felony, then the Defendant shall only be found guilty of misprision. Any finding of the Court is appealable.

The parties submitted an agreed statement of facts.[1] The trial court made factual findings and concluded that the defendant was guilty of being an accessory after the fact to homicide. The defendant was sentenced to a four-to-seven year sentence on this count, which was made concurrent with his sentence for being an accessory before the fact to assault and robbery.

On appeal, the defendant raises four issues. We reach only one, as it is dispositive of the case: whether the involvement of the defendant's brother in the underlying felony bars conviction of the defendant for being an accessory after the fact. 13 V.S.A. § 5 provides:

> A person not standing in the relation of husband, wife, parent, grandparent, child, grandchild, brother or sister, by consanguinity or affinity, to an offender, who, after the commission of a felony, harbors, conceals, maintains or assists such offender with intent that he shall avoid or escape arrest or punishment therefore, shall be imprisoned not more than seven years or fined not more than $1,000.00.

A necessary element of the offense is that none of the enumerated relationships exists between the principal and the accessory. See *State* v. *Butler*, 17 Vt. 145, 149 (1845). In this case, two individuals were the principals in the homicide. One was the defendant's juvenile brother; the other, Michael Bristol, was not related to the defendant. The information charged the defendant with assisting Bristol. The findings of fact showed that Michael Bristol and the defendant's brother jointly committed the underlying homicide. The defendant contends that his conviction for assisting Bristol should be reversed because his brother and Bristol acted jointly and any aid he

---

[1] We here expressly overrule so much of *Town of Wallingford* v. *Green Mountain Insurance Co.*, 140 Vt. 603, 443 A.2d 468 (1982), which rejects the acceptance verbatim of an agreed statement of facts either by reference or by recitation as was the case here.

rendered assisted both principals. The State argues that the statute does not exempt the protection of a co-defendant of a related offender.

We agree with the defendant. Settled principles of statutory construction require us to hold that the defendant's actions were not criminal under 13 V.S.A. § 5.

██ We begin by examining the statute itself. See, e.g., *State* v. *Lynch*, 137 Vt. 607, 611, 409 A.2d 1001, 1004 (1979). By its terms, the statute does not criminalize acts assisting siblings (or other related persons) escape prosecution. The statute does not remove this exemption if the sibling committed the underlying felony with others. In this case, the defendant's purported crime consisted entirely of deeds helping both his brother and Bristol. He never assisted Bristol independently of his brother. Nevertheless, those actions are the sole basis of his conviction. Absent evidence of independent assistance to Bristol, the defendant's actions on behalf of his brother were not criminal under the statute. To construe the statute otherwise would distort the plain language of the statute which prohibits prosecuting the defendant for assisting his brother. Accord *Edmonson* v. *State*, 51 Ark. 115, 10 S.W. 21 (1888).

██ Moreover, even if we considered the application of the statute ambiguous, we would nevertheless conclude that the defendant could not be prosecuted for his conduct. "If there is an ambiguity which admits of two reasonable and contradictory constructions, that one which operates in favor of the person accused under its provisions is to be preferred." *State* v. *Baldwin*, 109 Vt. 143, 148, 194 A. 372, 374 (1937). The defendant's construction of 13 V.S.A. § 5 is certainly reasonable, and must therefore be preferred to the contrary one offered by the State.

██ A narrow construction of 13 V.S.A. § 5 is also supported by settled principles for discerning the legislative intent behind the exemption. "In interpreting the legislative intent behind a penal statute . . . , the interpretation adopted must be one most favorable to the accused." *State* v. *Sidway*, 139 Vt. 480, 484, 431 A.2d 1237, 1239 (1981). The manifest intent of the exemption in 13 V.S.A. § 5 is to avoid criminaliz-

ing assistance to family members in evading prosecution. While most other states have repealed this exemption, see American Law Institute, Model Penal Code and Commentaries, Part II, § 242.3, at 236–37 (1980), the Vermont Legislature has not. Thus, our task is to give effect to the intent behind the exemption which the legislature has delineated. See, e.g., *Standard Register Co.* v. *Commissioner of Taxes,* 135 Vt. 271, 272, 376 A.2d 41, 42 (1977). The construction proffered by the State would frustrate the intent of the exemption by criminally penalizing individuals who assist family members on the basis of the involvement of co-defendants.

■ As an alternative argument, the State contends that the statute, and therefore the exemption, does not apply to assistance for the defendant's brother. Because the brother was a juvenile, the State argues he was incapable of committing a felony. This argument conflates the distinction between felonious acts and criminal punishment. 13 V.S.A. § 5 prohibits assisting an "offender" who commits a "felony." Conviction of the felony is not required; commission of an act which constitutes a felony is the predicate to liability for assisting the offender. Similarly, the exemption is defined by one's relationship to an "offender" who commits a "felony." Although the defendant's brother could not have been punished as an adult for his act at the time of the offense, see 33 V.S.A. § 635(a) (Cum. Pamphlet 1980) (amended versions at 33 V.S.A. §§ 635(a), 635a), there is no question that the act he committed was a felony. Thus, 13 V.S.A. § 5 applies to the defendant's actions.

We conclude that under the facts of this case the defendant could not be prosecuted under 13 V.S.A. § 5.

*Conviction vacated. Judgment of acquittal entered. Respondent is discharged. To be certified forthwith.*