COMMONWEALTH vs. LEONARD MONIZ. No. 96-P-1023. August 26, 1997. *Rape. Indecent Assault and Battery. Practice, Criminal,* Instructions to jury.

Leonard Moniz was found guilty by a jury of forcible rape of a child under the age of sixteen (G. L. c. 265, § 22A) and indecent assault and battery on a child under the age of fourteen (G. L. c. 265, § 13B). His grounds of appeal are encapsulated in the caption headings of this opinion. We affirm the judgments.

1. *Claim to a required finding of not guilty.* In analyzing the record to determine if the evidence, taken in the light most favorable to the government, see *Commonwealth* v. *Latimore,* 378 Mass. 671, 677 (1979), was sufficient to take the case to the jury, we focus on the elements of the charge of forcible rape of a child because it would include the elements of indecent assault and battery of a child.[1]

a. *Evidence of force.* Dinah (a fictitious name) was six years old when, according to her trial testimony (at age seven) she first met the defendant Moniz. Her mother had met Moniz at a bar and brought him home. In time Moniz had come to live with Dinah and her mother. She described Moniz as having on more than one occasion "licked my pee-pee[,] . . . put his pee-pee . . . on my pee-pee[,and] . . . put [his finger] on my pee-pee and pushed real hard." The incidents occurred in Dinah's bedroom while her mother was out playing bingo. Dinah did not want Moniz to touch her in this fashion and, indeed, it frightened her. She did not at once tell her mother because, "I didn't want him to hurt me again." That was sufficient to put to the jury the question whether force had been involved in the touching. On that point the judge had correctly instructed the jury as follows:

> "On the issue[] of whether this was against the alleged victim's will, and on the issue as to the degree of force, a jury may consider the age of the child, and the time of the alleged acts, the circumstances where it occurred, the circumstances of being alone with the caregiver or adult in charge, the relationship between the child and the adult, and whether the child would have been in a position to resist considering age, size, and other factors, the degree of sophistication, or in a position to complain under the circumstances. So the respective positions of the parties can be considered on the issue of what degree of force could be required in order to accomplish the act. It need not be necessarily a physical force in and of itself, but it can be what is known sometimes as a constructive force under the circumstances."[2]

See *Commonwealth* v. *Sherry,* 386 Mass. 682, 688 (1982); *Commonwealth* v. *Caracciola,* 409 Mass. 648, 651-652 (1991); *Commonwealth* v. *Kirkpatrick,*

---

[1]Because of the difference in age criteria, in this case the offense of indecent assault and battery of a child under the age of fourteen is not wholly subsumed in forcible rape of a child under the age of sixteen.

[2]In charging the jury, the judge, guided by *Commonwealth* v. *Thayer,* 35 Mass. App. Ct. 599, 601-608 (1993), *S.C.,* 418 Mass. 130 (1994), did not give an instruction on the lesser included offense of statutory rape. A week after Moniz's trial, the Supreme Judicial Court, in *Commonwealth* v. *Thayer,* held that it was correct, in cases charging forcible rape of a child under age sixteen, to charge the jury on the lesser included offense of statutory rape. 418 Mass. at 132-133. Both sides were content with the omission of a statutory rape instruction.

423 Mass. 436, 444, cert. denied, 519 U.S. 1015 (1996); *Commonwealth* v. *Lewandowski*, 22 Mass. App. Ct. 148, 150 (1986); *Commonwealth* v. *Cobb*, 26 Mass. App. Ct. 283, 285 (1988); *Commonwealth* v. *Eldridge*, 28 Mass. App. Ct. 936, 937 (1990); *Commonwealth* v. *Melchionno*. 29 Mass. App. Ct. 939, 941 (1990).

b. *Evidence of penetration.* Dinah, it will be recalled, testified that Moniz had "licked her pee-pee." She identified the part of her body where she goes to the bathroom as her "pee-pee." From this the jury were entitled to infer the degree of penetration necessary to constitute rape, namely, touching of the vulva or labia. See *Commonwealth* v. *Baldwin*, 24 Mass. App. Ct. 200, 204-205 (1987). We do not require victims to describe with scientific accuracy parts of their anatomy or for children to possess vocabulary and habits of precision that many adults do not command. See *Commonwealth* v. *Mosby*, 11 Mass. App. Ct. 1, 17-18 (1980) (adult victim's testimony that the defendant "put his mouth to my vagina" and "put his mouth down below" sufficient to infer penetration); *Commonwealth* v. *Thomas*, 19 Mass. App. Ct. 1, 5 (1984) (jury entitled to infer penetration from six year old's testimony that defendant made her "privacy" feel bad by lying on top of her); *Commonwealth* v. *Nylander*, 26 Mass. App. Ct. 784, 788 (1989) (testimony of five year old victim that defendant touched her "private spot" with his "private spot" sufficient to infer penetration); *Commonwealth* v. *Melchionno*, 29 Mass. App. Ct. at 940 (five year old victim's testimony that defendant put his finger in her "private spot" sufficient to take the case to the jury on the element of penetration).

2. *Correctness of limiting jury instruction on penetration to oral penetration.* The prosecution, which had presented its case as one of forcible rape by digital and oral penetration, conceded, on questioning by the trial judge, that its evidence on digital penetration was insufficient to go to the jury. When instructing the jury, therefore, the judge limited herself to oral penetration. Defense counsel did not object to the judge so doing. On appeal, the defendant now argues that by limiting the instruction to oral rape, i.e., forcible cunnilingus, and saying nothing about digital rape, the judge impliedly endorsed the Commonwealth's theory of oral rape. We consider altogether without merit the argument that a judge who, in effect, forecloses a verdict on one or more of several theories, impliedly endorses all the others that are left. This was not an instance of a judge arraying the facts or commenting on the evidence in a fashion that conveys the judge's "own view of where the weight of the evidence lies." *Commonwealth* v. *Kane*, 19 Mass. App. Ct. 129, 138 (1984). "Nothing resembling that sort of placing of the judicial thumb on the scale occurred in the instant case." *Commonwealth* v. *Diaz*, 19 Mass. App. Ct. 29, 35 (1984). A judge can surely not be faulted for not charging a jury on a theory of the case that the prosecution has abandoned.

3. *Failure by the judge to follow* Commonwealth *v.* Bowden. During a second interview with a police detective about the allegation of molestation, Dinah said that earlier she had lied about some things. The detective asked what she had lied about but Dinah refused to elaborate. Defense counsel inquired about this hint of recantation, pressed the detective about whether he had investigated the issue further, and commented on Dinah's statement about lying and the failure of the police to look further into what Dinah had meant. On appeal, and relying on *Commonwealth* v. *Bowden*, 379 Mass. 472, 485-486 (1980), the defense argues that the judge erred in failing to instruct the

jury that they might consider and make inferences based on investigatory neglect by the prosecution. In the *Bowden* case, the judge had erroneously instructed the jury not to consider the failure of the police to conduct certain tests as a permissible ground on which to build a defense or as a ground for having reasonable doubt. *Id.* at 486. The judge in the instant case did no such things, and the jury were free to give what weight they thought appropriate to what the child said about having lied. There was no error, let alone, as counsel never raised the issue at trial, a substantial risk of a miscarriage of justice.

*Judgments affirmed.*

*Stephen Neyman* for the defendant.
*James A. Janda*, Special Assistant District Attorney, for the Commonwealth.