COMMONWEALTH *vs.* HOSHI H.,[1] a juvenile.

No. 07-P-333.

Berkshire. February 7, 2008. - June 9, 2008.

Present: GRASSO, BROWN, & COHEN, JJ.

*Youthful Offender Act. Accessory and Principal. Joint Enterprise.*

This court concluded that the violent acts of a principal could not be imputed to a juvenile in assessing her vulnerability to indictment as a youthful offender under G. L. c. 119, § 54, and thus, a Juvenile Court judge did not err in dismissing a youthful offender indictment alleging that the juvenile was an accessory after the fact, where the actual conduct undertaken by the juvenile (i.e., facilitating the principal's escape and avoiding arrest) did not involve the infliction or threat of serious bodily harm, as required by § 54. [18-21]

INDICTMENT received and sworn to in the Superior Court Department on June 16, 2006.

After the indictment was filed in the Berkshire County Division of the Juvenile Court Department, a motion to dismiss was heard by *Paul E. Perachi,* J.

*Joseph A. Pieropan,* Assistant District Attorney, for the Commonwealth.

BROWN, J. On June 26, 2006, a Berkshire County grand jury indicted the defendant as a youthful offender pursuant to G. L. c. 119, § 54, alleging that the juvenile was an accessory after the fact, G. L. c. 274, § 4. This indictment was dismissed by a judge of the Juvenile Court, and the Commonwealth appeals.[2]

General Laws c. 119, § 54, as amended by St. 1996, c. 200,

---

[1] A pseudonym.

[2] In the same proceedings the juvenile was found to be a youthful offender on the basis of unrelated charges and sentenced to a committed term of eighteen months to be served in the custody of the Department of Youth Services (DYS) until such time as the juvenile reached the age of seventeen years, and thereafter in the Berkshire County house of correction.

§ 2, grants the government the authority to obtain an indictment in juvenile proceedings provided an alleged offender has, inter alia, "committed an offense against a law of the Commonwealth . . . [that] involves the infliction or threat of serious bodily harm." In determining whether any particular offense "involves the infliction or threat of serious bodily harm," it is necessary to determine whether the "conduct constituting the offense itself" involves the form of harm described in the statute. *Commonwealth* v. *Clint C.*, 430 Mass. 219, 225 (1999). That is to say, it is necessary to determine actual conduct undertaken by the defendant, rather than merely the elements of the underlying crime, in determining whether an indictment is authorized under § 54.[3]

Here, the Commonwealth sought to bring the offense underlying the allegation of delinquency within G. L. c. 274, § 4, as amended by St. 1943, c. 488, § 1, which provides that "[w]hoever, after the commission of a felony, harbors, conceals, maintains or assists the principal . . . or gives such offender any other aid . . . with the intent that he shall avoid or escape . . . arrest . . . shall be an accessory after the fact, and . . . be punished." Based on the evidence presented in the Juvenile Court proceedings, the judge below could have found as follows: the juvenile was present in a house where her boyfriend, Luis Torres, shot another man during a fight, wounding him. The juvenile then fled with Torres and another man, Michael Pinel. The trio went to a nearby convenience store, where the juvenile arranged for a taxicab to transport the group to an apartment in a neighboring town. When police tracked Torres to that apartment, the juvenile initially denied that Torres was present.

The Commonwealth contends — as it must in order to provide a basis for the indictment obtained under § 54 — that by abetting Torres's escape and subsequently helping to conceal him from police, the juvenile's conduct "involve[d] the infliction or threat of serious bodily harm."[4] In so characterizing the juve-

---

[3]We note that under an elements-based approach, there is no question that the standard imposed by § 54 would not be met; as set out *infra*, G. L. c. 274, § 4, does not require proof of a violent act or any threat to commit same.

[4]The Commonwealth concedes, as it must, that this was the only potential

nile's actions, the Commonwealth essentially ascribes to the juvenile vicarious liability for the violent act committed by Torres. We disagree with this approach.

In its argument, and by means of the cases on which it relies,[5] the Commonwealth seeks to conflate the form of accessorial liability with which the defendant is charged here with general joint venture liability or liability as an accessory before the fact and, thereby, place her on the same footing as Torres. Such comparisons, however, are inapposite.[6] There is no question that the law in the Commonwealth, as in most jurisdictions, equates the culpability of a joint venturer or accessory *before* the fact with the culpability of the principal. As set out in G. L. c. 274, § 2, as amended through St. 1973, c. 529, § 1, "[w]hoever aids in the commission of a felony, or is an accessory thereto before the fact . . . shall be punished in the manner provided for the punishment of the principal felon." See G. L. c. 274, § 3. Likewise, a joint venturer is subject to the same penalties as the principal whom he or she assists (or stands ready to assist). See, e.g., *Commonwealth v. Williams*, 450 Mass. 894, 898 (2008). By contrast, under G. L. c. 274, § 4, an accessory *after* the fact (i.e., the charge underlying the youthful offender indictment here), is subject to a maximum sentence of seven years regardless of the maximum punishment associated with the offense committed by the principal.

This distinction derives, inter alia, from the fact that an ac-

statutory basis for application of G. L. c. 119, § 54, in the particular circumstances of this case. Section 54 also permits the Commonwealth to obtain a youthful offender indictment where a juvenile previously has been committed to DYS custody or where a juvenile is alleged to have committed defined offenses involving the use or possession of illegal firearms.

[5]In *State in the Interest of B.T.*, 145 N.J. Super. 268, 277 (1976), the juveniles were all involved in procuring the weapon used in a homicide, and two were present at the time of the killing. None fairly might be characterized as merely an accessory after the fact. In *In re Luis R.*, 204 Conn. 630, 635-636 (1987), the decision does not recite the facts of the case in any detail. However, the opinion makes it plain that the juvenile shared with the principal "the mental state required for the commission of [the] offense." From this we infer that the juvenile was either a coventurer or an accessory before the fact. In *Flakes v. Colorado*, 153 P.3d 427, 430-431 (Colo. 2007), the juvenile was charged with murder as a principal in addition to being charged as an accessory.

[6]We note that nowhere in its brief did the Commonwealth point out the important distinction between the cases on which it relies and the situation here.

cessory before the fact or a joint venturer ordinarily must share the same mental state required for conviction of the principal, and also be involved (or be ready, willing, and able to become involved) in the planning or execution of the crime. See G. L. c. 274, §§ 2 & 3; *Commonwealth* v. *Chhim*, 447 Mass. 370, 378 (2006). However, an accessory after the fact need not, and generally does not, have any advance knowledge of the principal's intent to commit an offense and is, by definition, not involved in its planning or execution; rather, an accessory after the fact need merely "know the identity of the principal perpetrator and have knowledge of the 'substantial facts of the felonious crime' that the principal committed" and, possessed of such knowledge, aid the principal in avoiding punishment. *Commonwealth* v. *Perez*, 437 Mass. 186, 190 (2002), quoting from *Commonwealth* v. *Devlin*, 366 Mass. 132, 134 (1974).

On the basis of this crucial distinction, we reject the Commonwealth's argument that Torres's violent acts must be imputed to the juvenile in assessing her vulnerability to indictment under G. L. c. 119, § 54. Accordingly, and consistent with the decision in *Clint C.*, *supra*, we look only to the juvenile's own conduct in assessing the applicability of that provision. Her actions in facilitating Torres's escape and avoiding arrest did not involve the requisite "infliction or threat of serious bodily harm" described in the statute. See *Commonwealth* v. *Quincy Q.*, 434 Mass. 859, 863 (2001) (youthful offender indictment dismissed where based on charges of indecent assault and battery upon a child where the assault consisted of touching only and so did not involve the infliction or threat of infliction of bodily harm). Needless to say, the outcome may well have been different had the juvenile been charged as an accessory before the fact or joint venturer. However, that is not the situation here. The Juvenile Court's order dismissing the youthful offender indictment is affirmed.

*So ordered.*