NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

13-P-1766                                       Appeals Court

COMMONWEALTH  vs.  KEITH TODD.

No. 13-P-1766.

Essex.       February 6, 2015. - August 6, 2015.

Present:  Cypher, Hanlon, & Agnes, JJ.


Youthful Offender Act.  Grand Jury.  Evidence, Grand jury
     proceedings.  Practice, Criminal, Grand jury proceedings,
     Dismissal.  Probable Cause.  Rape.


Indictment found and returned in the Superior Court
Department on February 26, 2013.

After transfer to the juvenile session of the Gloucester
Division of the District Court Department, a motion to dismiss
was heard by Joseph W. Jennings, III, J.


Ronald DeRosa, Assistant District Attorney, for the
Commonwealth.
Patricia L. Garin for the juvenile.


CYPHER, J.  A District Court judge granted a motion by the

juvenile, Keith Todd, to dismiss a youthful offender indictment

on a charge of rape of a child.  The juvenile argued in his

motion to dismiss that the evidence presented to the grand jury

was insufficient to establish that he committed the crime of rape, specifically that there was insufficient evidence "that the conduct constituting the alleged sexual assault involved the infliction or threat of serious bodily harm" and that the grand jurors were not properly instructed on this element of the youthful offender statute. The Commonwealth appeals, arguing that the Commonwealth presented sufficient evidence to sustain the indictment, where the evidence of the digital penetration, coupled with the circumstances of the penetration, demonstrated that the juvenile's conduct involved threat of serious bodily harm to the victim to sustain a rape charge under the youthful offender statute.

1. Evidence before the grand jury. Detective Steven Mizzoni of the Gloucester police department presented the Commonwealth's case to the grand jury. The juvenile was a fifteen year old boy; the victim was an eight year old girl. According to the victim, she had been "playing down the street a few blocks away" from her house with three boys, including her brother. One of the boys was performing bicycle tricks, while the others watched. While the victim was there, the juvenile allegedly directed her away from where the other boys were playing to an area of an abandoned building. Once in this area, the juvenile then allegedly put his hands down the front and back of the victim's pants. The victim said that when the

juvenile first put his hand down her pants, he "put his hand a little bit near her butt" and touched her "butt hole" by "dragg[ing] his fingers over" it. He allegedly used his fingers to touch the victim's vagina, "mov[ing] [his fingers] slightly," "rubb[ing] against . . . her vagina," and putting one of his fingers inside her vagina "a little bit." The victim said that it felt "like a bug [was] inside of her pants." The juvenile allegedly also asked the victim to rub his leg with her hand, but she did not do so. After the alleged assault occurred, the victim went home and told her mother what happened.

Detective Mizzoni, who met with the victim and her mother at the Gloucester police station after the alleged incident occurred, was familiar with the abandoned building the victim described. It had been "vacant for quite a while." The victim also accurately described to Detective Mizzoni the location of the alleged incident as "right across from [the juvenile's] house." The victim told Detective Mizzoni that the other boys had continued playing in the area where she had been, but that they would not have been able to see her in the area where the juvenile allegedly took her.

The juvenile told Detective Mizzoni that he and his brother were walking to their home on Pleasant Street, at the intersection of Pleasant and Cedar Streets, in Gloucester. As they neared their house, a friend on his bicycle approached them

and asked the juvenile if he would watch him perform some bicycle tricks. The juvenile agreed, sitting down against a wall of a "somewhat abandoned" building on Cedar Street to watch the bicycle tricks. There were other children playing in the area, one of whom was the victim.

While the juvenile was watching the performance, the victim asked the juvenile if he wanted a piece of candy. He accepted. The juvenile continued to watch his friend perform the bicycle tricks. He then went home.

2. Procedural history. The grand jury returned an indictment for rape, based on the evidence presented to it. The Commonwealth then asked the grand jury to consider whether the juvenile was a youthful offender. The Commonwealth instructed the grand jury that to conclude that the juvenile was a youthful offender they had to find these elements: that the juvenile was "between fourteen and seventeen years of age at the time of the offense, said offense being a felony, said offense involving the infliction or threats of infliction of serious bodily harm, or said offender previously having been committed to the Department of Youth Services." The Commonwealth explained that the youthful offender portion of the indictment would be based on the testimony the grand jury had already heard because the Commonwealth had no additional witnesses to present.

The motion judge allowed the motion to dismiss with a margin endorsement setting forth three findings: (1) there was no caretaker relationship between the victim and the juvenile, and the victim accompanied the juvenile voluntarily; (2) "the victim's statements that there was 'a little bit' of penetration and that [the victim] felt like 'she had a bug in her pants'" was not "sufficient to establish the charge of rape"; and (3) there was not "sufficient evidence of a threat of serious bodily harm[,] noting that no such injury was actually sustained." The judge made no ruling on the juvenile's argument that the grand jury instructions were insufficient.

3. <u>Sufficiency of the evidence before the grand jury</u>. Generally, a motion to dismiss cannot be used to inquire into the adequacy or competency of the evidence on which an indictment is based. <u>Commonwealth</u> v. <u>McCarthy</u>, 385 Mass. 160, 161-162 (1982). If, however, there has been no evidence presented to the grand jury, the validity of the indictment may be challenged. <u>Id</u>. at 161-163. When considering a motion to dismiss an indictment, the judge must determine whether the grand jury heard "sufficient evidence to establish the identity of the accused . . . and probable cause to arrest him." <u>Id</u>. at 163.

a. <u>Rape indictment</u>. At the hearing on the motion to dismiss, the defense attorney disavowed an argument in her

memorandum in support of her motion that the evidence was insufficient to establish rape and focused instead on the evidence concerning the requirements of the youthful offender indictment. Nevertheless, the judge included as a reason for dismissal that "the victim's statement that there was 'a little bit' of penetration and that she felt like 'she had a bug in her pants'" was not sufficient to find penetration and was, "in and of itself," insufficient "to establish the charge of rape." This was erroneous as a matter of law, as it is well settled that penetration, however slight, of a person's genital opening is sufficient. Commonwealth v. Lopez, 433 Mass. 722, 726-727 (2001).

b. Youthful offender indictment. Where, as here, the Commonwealth sought to obtain a youthful offender indictment under G. L. c. 119, § 54, in addition to the indictment for rape, the Commonwealth was required to offer evidence sufficient to establish probable cause to show that "(1) the juvenile was between fourteen and seventeen years old at the time of the offense; (2) the offense, if committed by an adult, is punishable by imprisonment in State prison; and (3) the juvenile has either previously been committed to the Department of Youth Services, or 'the offense involves the infliction or threat of serious bodily harm,' or the person committed a violation of G. L. c. 269, § 10(a), (c), or (d), or § 10E." Commonwealth v.

Washington W., 462 Mass. 204, 209-210 (2012), quoting from G. L. c. 119, § 54. Where the evidence is insufficient to establish probable cause to find that the requirements of the youthful offender statute have been met, a judge may dismiss the indictment. See Commonwealth v. Quincy Q., 434 Mass. 859, 863, 865 (2001). See also Commonwealth v. Mogelinski, 466 Mass. 627, 652-653 (2013) (Gants, J., concurring in part and dissenting in part). When making such a determination, the evidence is examined in the light most favorable to the Commonwealth. Washington W., supra at 210.

In the case at bar, the juvenile focuses exclusively on the third element of the youthful offender statute and argues that the evidence was insufficient to establish the infliction or threat of serious bodily harm.[1] Our decisional law has considered this particular element in the context of the youthful offender statute on a handful of occasions. See, e.g., Commonwealth v. Clint C., 430 Mass. 219 (1999); Quincy Q., supra; Washington W., supra; Felix F. v. Commonwealth, 471 Mass. 513 (2015).[2] "[W]here a prosecutor seeks a youthful offender

_____

[1] We note that none of the other bases for establishing this element is applicable in this case.

[2] In Felix F., the juvenile was indicted as a youthful offender for possession of heroin with intent to distribute. The court held "that the definition of 'threat' in the juvenile offender statute requires a communication or declaration, explicit or implicit, of an actual threat of physical injury by

indictment relying on 'the infliction or threat of serious bodily harm' component of the statute, the conduct constituting the offense must involve the infliction or threat of serious bodily harm." Quincy Q., supra at 863. See Clint C., supra at 226. It is necessary to consider the "actual conduct undertaken by the defendant, rather than merely the elements of the underlying crime, in determining whether an indictment is authorized under" the youthful offender statute. Commonwealth v. Hoshi H., 72 Mass. App. Ct. 18, 19 (2008).

In Clint C., a fifteen year old juvenile was babysitting his six year old niece and put his penis in her mouth, making her perform fellatio while she stroked his penis without threats or physical injury. Although the underlying charge was statutory rape, which contained no requirement of force, threat, or lack of consent, the Supreme Judicial Court ruled that "the invasive nature of the act of penetration created the threat of serious bodily harm." Clint C., supra at 226. The court added

---

the juvenile." Felix F., 471 Mass. at 516. Recognizing that the underlying crime in that case does not "involve an explicit threat and there is no identifiable victim," id. at 517, the court concluded that the threat requirement was not satisfied. Id. at 516. Here, the age difference between the juvenile and the victim, along with the fact that the juvenile directed her away from a public area to a private location where the rape occurred, is sufficient to establish an implicit threat of serious bodily harm. Id. at 517, citing Washington W., 462 Mass. at 210.

that "[t]he juvenile's position of authority, the age difference between the juvenile and the victim, and the vulnerability of the victim are sufficient to support a youthful offender indictment," and vacated the dismissal of the indictment.  Ibid.

In Quincy Q., the fifteen or sixteen year old juvenile was alleged to have touched the vagina of a young girl and to have forced her to touch his penis over a period of two years and on at least ten occasions when the girl was between the ages of three and five, evidence that supported a charge of indecent assault and battery.[3]  The Supreme Judicial Court concluded that "the touching involved in this case is not sufficiently invasive in nature (as compared to penetration) to create the threat of serious bodily harm," and ruled that the motion judge erred in denying the juvenile's motion to dismiss the indictment.  Quincy Q., supra at 863-864.

In Washington W., the Supreme Judicial Court held that the act of the juvenile pushing a similarly aged child to the ground, pulling down the child's pants, and entering the child's anus with his penis was sufficient evidence of the threat of serious bodily harm to support a finding of probable cause necessary to establish the requirements of the youthful offender

_____

[3] Although the juvenile in Quincy Q. was also charged with rape, the youthful offender indictment at issue in Quincy Q. was related solely to the charge of indecent assault and battery. See generally Quincy Q., 434 Mass. at 863-864.

indictment.  Washington W., supra at 210.[4]  The court declined to rule generally, however, that penetration "alone, in every circumstance, creates a threat of serious bodily harm."  Id. at 210 n.4.

The facts of this case are closest to those of Clint C. in terms of the conduct that allegedly occurred.  The evidence shows that the fifteen year old juvenile took an eight year old child to a secluded area and penetrated her vagina with his finger.  As in Clint C., supra at 226, "the invasive nature of the act of penetration created the threat of serious bodily harm," and the age difference between the juvenile and the victim and the vulnerability of the victim "are sufficient to support a youthful offender indictment."

In addition, the case at bar can be distinguished from the facts at issue in Quincy Q., where the youthful offender indictment was rejected on the basis that there was no penetration, but merely an indecent touching that the court found insufficient "to create the threat of serious bodily harm."  Quincy Q., supra at 863.

---

[4] The court held, however, that the indictment should have been dismissed on the unrelated ground of the Commonwealth having withheld exculpatory evidence from the grand jury. Washington W., supra at 211-213.

4. Instruction to grand jury on "youthful offender" indictment. The requirements of G. L. c. 119, § 54, were set forth in the indictment at issue here and the indictment was read to the grand jury by the prosecutor, including a recitation of the three requisite elements. No additional instruction was provided to the jury. The juvenile argues that there is no reason to believe that the grand jurors understood what they were expected to decide in hearing the indictment alone.

"Generally speaking, the Commonwealth is not required to provide legal instructions on the elements of an offense for which it seeks an indictment, out of a concern that such a requirement 'would add delay and complexity without serving any significant purpose.'" Commonwealth v. Rex, 469 Mass. 36, 41 n.10 (2014), quoting from Commonwealth v. Noble, 429 Mass. 44, 48 (1999). While decisional law has recognized two limited exceptions to this general rule, neither is applicable here. See Noble, supra (where grand jury requests legal instruction, "prosecutor should have provided the appropriate information"); Commonwealth v. Walczak, 463 Mass. 808, 810 (2012) (where there is substantial evidence of mitigating circumstances or defenses in murder case where defendant is juvenile, grand jury must be instructed on elements of murder and mitigating circumstances and defenses). More was not required in this case where the grand jury had before them the indictment, which the prosecutor

had read out loud, and which set forth in plain language the elements of the youthful offender statute.

*Order allowing motion to
dismiss vacated.*