The defendant appeals from his convictions, after a jury trial, of one count of rape of a child with force, G. L. c. 265, § 22A ; five counts of aggravated rape of a child, G. L. c. 265, § 23A ; and three counts of indecent assault and battery on a child under fourteen, G. L. c. 265, § 13B.[2] We affirm.
1. Indecent assault and battery (buttocks). The defendant contends that, due both to insufficiency of the evidence and to prejudicial error in the jury instructions, his conviction of indecent assault and battery based on touching the victim's buttocks was duplicative of two of his aggravated rape convictions (digital-anal and penile-anal). We disagree.[3]
As to sufficiency, the victim (who was eleven years old at the time of trial) testified that the defendant "would put his finger on my-on my bum." The prosecutor asked, "What would he do with his hands when he touched your bum? Can you describe that for us?" The victim responded by making a rubbing motion with her hands. The prosecutor then asked, "Was there anything else [emphasis supplied] that he did with your bum?" The victim responded by describing the defendant putting both his finger and his "front private" inside her "bum." "Viewing the evidence in the light most favorable to the Commonwealth," this was sufficient "[t]o support a conviction of indecent assault and battery ... [based on] separate and distinct acts from the acts constituting the crime of rape," or in this case, aggravated anal rapes. Commonwealth v. Juzba, 46 Mass. App. Ct. 319, 325 (1999).
As to the jury instructions, the defendant's argument begins with the settled principles that indecent assault and battery on a child under fourteen is a lesser included offense of aggravated rape of a child under sixteen, see Commonwealth v. Suero, 465 Mass. 215, 219 (2013), and that "[c]onvictions of both greater and lesser included acts are permitted only where they 'rest on separate and distinct acts.' " Ibid., quoting from Commonwealth v. Grouse, 461 Mass 787, 798 (2012). In this case, the defendant argues, and the Commonwealth does not dispute, that the judge was required to instruct the jury that, to convict the defendant of both offenses, they must find that he "committed separate and distinct criminal acts." Commonwealth v. Traylor, 472 Mass. 260, 274 (2015), quoting from Commonwealth v. Kelly, 470 Mass. 682, 700 (2015).[4] If the judge did not do so, "the test ... is not whether there was sufficient evidence to support multiple convictions, but whether there is any significant possibility that the multiple convictions were based on the same act." Id. at 276-277.
Here, the judge instructed the jury that "he's been charged with ten separate and distinct offenses[,]" and "[y]ou must consider each of these offenses, each charge and the evidence pertaining to each offense separately." The judge gave similar instructions regarding separate consideration of the five aggravated rape charges and of the three indecent assault and battery charges.[5] The judge also explained to the jury that they would be provided with a verdict slip for each charge, with each slip describing specific conduct. Insofar as pertinent here, the judge explained that one aggravated rape slip would specify "finger into anus," another would specify "penis into anus," and one of the indecent assault and battery slips would specify "hands on buttocks." Such slips were provided, and the jury marked the line for "guilty" on each of them. Also, the victim's testimony, which the jury plainly credited, clearly described the defendant's rubbing of her buttocks as separate from the digital-anal and penile-anal rapes. In these circumstances, we see no "significant possibility" that the indecent assault and battery conviction for touching the buttocks was based on the same conduct as-i.e., duplicative of-either of the anal rape convictions. See Traylor, 472 Mass. at 275, quoting from Kelly, 470 Mass. at 700.
2. Aggravated rape (digital-genital). The defendant argues that the Commonwealth failed to present sufficient evidence to support the conviction of aggravated rape alleging digital penetration of the victim's genital opening. We disagree.
"[E]vidence of penetration [is] necessary to prove the acts of rape charged ... in order to differentiate those acts from other prohibited sexual touchings ...." Commonwealth v. Nylander, 26 Mass. App. Ct. 784, 787 (1989). "Penetration can be inferred from circumstantial evidence." Commonwealth v. Fowler, 431 Mass. 30, 33 (2000). "The element of penetration can be established by evidence that the defendant's penis touched or came into contact with the victim's vagina, vulva, or labia." Commonwealth v. Centeno, 87 Mass. App. Ct. 564, 567 (2015). "We do not require victims to describe with scientific accuracy parts of their anatomy or for children to possess vocabulary and habits of precision that many adults do not command." Commonwealth v. Moniz, 43 Mass. App. Ct. 913, 914 (1997) (seven year old victim's testimony that defendant "licked her pee-pee" permitted jury "to infer the degree of penetration necessary to constitute rape, namely, touching of the vulva or labia").
Viewed in the light most favorable to the Commonwealth, the victim's testimony that the defendant touched the "outside" of her "front private part," that he would "rub it," and that it was "painful," was sufficient for the jury to find that the defendant touched "the victim's vagina, vulva, or labia." Centeno, 87 Mass. App. Ct. at 567. See Commonwealth v. Aviles, 58 Mass. App. Ct. 459, 468 (2003) (based on victim's testimony that defendant had touched her vaginal area with his finger, "[i]n the light most favorable to the Commonwealth, and in the context of the entire direct examination, the jurors could have found, beyond a reasonable doubt, that the defendant touched [the victim's] vagina, vulva, or labia"). Here, based on the victim's testimony, the "jury were entitled to infer the degree of penetration necessary to constitute rape." Moniz, 43 Mass. App. Ct. at 914. See Fowler, 431 Mass. 30, 33-34.
3. Improper closing argument. The defendant argues that the Commonwealth's closing argument was improper in three respects. Because the defendant did not object at trial, we review for whether the argument created a substantial risk of a miscarriage of justice. See Commonwealth v. Alphas, 430 Mass. 8, 20 (1999). We see no error, let alone one creating such a risk.
a. Improper vouching. We reject the defendant's claim that the prosecutor improperly vouched for the victim's credibility. "Improper vouching occurs if 'an attorney expresses a personal belief in the credibility of a witness, or indicates that he or she has knowledge independent of the evidence before the jury.' " Commonwealth v. Kee, 449 Mass. 550, 560 (2007), quoting from Commonwealth v. Ortega, 441 Mass. 170, 181 (2004). Here, the statements the defendant cites did not constitute such vouching.[6] Instead, the prosecutor's statements properly "argue[d] from the evidence why a witness should be believed." Commonwealth v. Mitchell, 89 Mass. App. Ct. 13, 28 (2016), quoting from Commonwealth v. Raymond, 424 Mass. 382, 301 (1997). The statements were "within the prosecutor's right of retaliatory reply" because she made them in response to the defendant's argument that the victim should not be believed. Kee, 449 Mass. at 560, quoting from Commonwealth v. LeFave, 407 Mass. 927, 939 (1990).
b. No reason to lie. We also reject the defendant's contention that certain of the prosecutor's statements amounted to a suggestion that the victim "had no reason to lie" and thus were improper under Commonwealth v. Beaudry, 445 Mass. 577 (2005). Beaudry does not, as the defendant claims, hold it improper to argue that an alleged victim has no reason to lie.[7] Instead, Beaudry says it is improper to argue that a witness should be believed simply because she came to court to testify. Id. at 587-588. Here the Commonwealth made no such argument.
What the defendant actually challenges here are not statements that the victim had no reason to lie, but two rhetorical questions by the prosecutor in response to the defendant's attacks on the victim's credibility. The first such question was: "Does [the victim] strike you as somebody that is particularly sophisticated to concoct an elaborate lie that lasts not just for a little while but years, years of that?" The second was: "[It's been] suggested by the defendant that this was concocted, this was made up. Why? Why? Would she make this up? Why would she fabricate this? Because mom wanted him out of the house?" As stated in Commonwealth v. Mitchell, 89 Mass. App. Ct. 13, 28 (2016), there is no rule barring a prosecutor from "asking the rhetorical question, 'What possible motive does [the witness] have to come in here and lie to you?' 'A prosecutor can address, in a closing argument, a witness's demeanor, motive for testifying, and believability, provided that such remarks are based on the evidence, or fair inferences drawn from it, and are not based on the prosecutor's personal beliefs ....' " Ibid., quoting from Commonwealth v. Freeman, 430 Mass. 111, 118-119 (1999). The defendant does not argue that those standards were violated here.
c. Burden-shifting. Finally, we disagree with the defendant that the prosecutor used rhetorical questions to shift the burden of proof onto the defendant. Although such a tactic would be improper, see Commonwealth v. Habarek, 402 Mass. 105, 111 (1988), not all rhetorical questions shift the burden of proof. See Mass. G. Evid. § 1113(b)(3)(E), and note at 438 (2017). The two questions the defendant challenges here, quoted above, merely responded to attacks on the victim's credibility, without "improperly shift[ing] the burden of proof [or] comment[ing] on the defendant's silence." Commonwealth v. Nelson, 468 Mass. 1, 12 (2014).
Judgments affirmed.

At the close of the Commonwealth's case, the judge allowed the defendant's motion for a required finding of not guilty on one of two counts of breaking and entering in the nighttime with intent to commit a felony, G. L. c. 266, § 16. The jury returned a not guilty verdict on the remaining count.

Although these claims of error were unpreserved, "we will reverse a duplicative conviction" and "proceed to the merits" of the defendant's claims. Commonwealth v. Traylor, 472 Mass. 260, 267 (2015).

Although Traylor involved multiple, potentially duplicative charges of the same offense, see ibid., rather than an offense and a lesser included offense, we accept for present purposes the parties' shared view that Traylor's principles govern.

The judge instructed that "for each of these separate charges of aggravated rape of a child, you have to look at each of them separately, each of the five counts separately." With respect to the three counts of indecent assault and battery, the judge instructed, "you have to focus on whether or not the prosecutor has proven the conduct as well as all the elements for indecent assault and battery," including "in one instance that the [defendant] put his hand or hands on her buttocks. In the second instance, that he put his finger or fingers on her genital opening. The third is that he put [the victim's] hand on his penis."

The defendant challenges the prosecutor's (1) references to the victim's "family secret" as a reason why the victim may not have divulged the sexual abuse over the years; and (2) argument that "you might want to cut [the victim] a little slack, maybe a little. She's trying to remember things that happened years ago, some pretty bad things. Some pretty bad things."

Beaudry does quote in dictum the statement in Commonwealth v. Riberio, 49 Mass. App. Ct. 7, 10 (2000), that "[t]elling the jury that the victims have no reason to lie is over the line of permissible advocacy ...." Beaudry, 445 Mass. at 587. More recently, however, the court has found nothing improper in a prosecutor's argument that witnesses had no motive to lie, where the defendant's closing had attacked those witnesses' credibility. See Commonwealth v. Smith, 450 Mass. 395, 408, cert. denied, 555 U.S. 893 (2008). See also Commonwealth v. Helberg, 73 Mass. App. Ct. 175, 179 & n.5 (2008) ; Mass. G. Evid. § 1113(b)(3)(C), and note at 436 (2017).