**ENTRY ORDER**

2024 VT 15

SUPREME COURT CASE NO. 24-AP-041

FEBRUARY TERM, 2024

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Bennington Unit, |
| | } | Criminal Division |
| Shawn Bulson | } | |
| | } | CASE NO. 24-CR-00351 |
| | } | |
| | } | Trial Judge: Kerry Ann McDonald-Cady |

In the above-entitled cause, the Clerk will enter:

The State of Vermont appeals a decision by the criminal division to release defendant Shawn Bulson on $5000 bail and conditions of release without holding a weight-of-the-evidence hearing pursuant to 13 V.S.A. § 7553a. The court concluded that the charge, a violation of 13 V.S.A. § 5, accessory after the fact, was not a crime of violence as is required to hold defendant without bail pending trial under § 7553a. We affirm.

The State alleges the following. On the night of February 2, 2022, John Pena-Baez, Joerick Johnson, and Chris Morgan shot and killed Isiah Rodriguez in Danby, Vermont. Defendant's girlfriend, Ashley Wicks, drove the men, including Rodriguez, from Bennington to Danby on the night of the murder. Defendant was initially in the car with Wicks, Rodriguez, and the assailants, but got out before they left Bennington. Wicks and the assailants later returned from Danby the same night. Over the next several days, defendant and Wicks, who lived together, provided a safe haven to the assailants, gave false information to investigators, and defendant disabled a security camera at their home.

Based on these and other allegations, the court found probable cause to charge defendant with accessory after the fact, a violation of 13 V.S.A. § 5. The court arraigned defendant on January 30, 2024. The State moved to hold defendant without bail pursuant to 13 V.S.A. § 7553a. It argued that defendant was an accessory to first-degree murder, a violent felony. Accordingly, the State argued, a necessary element of defendant's charge involved an act of violence, which is required to hold a person under § 7553a. The court denied the State's request to hold defendant without bail. It concluded that accessory after the fact did not contain an element of violence, even where the predicate crime was violent. The court nonetheless found that defendant was a flight risk, imposed conditions of release accordingly, and set bail at $5000 cash or surety concurrent to a related docket.

The State moved for permission to take an interlocutory appeal, which the court granted. On our own motion, this Court clarified that the State's appeal was an appeal as of right under 13 V.S.A. § 7556(c), and a single Justice referred the matter for full-Court review. Defendant, represented by assigned counsel, has not participated in the appeal.

The State argues that accessory after the fact where the underlying felony is first-degree murder is a crime an "element of which involves an act of violence against another person." 13 V.S.A. § 7553a. It asserts that commission of first-degree murder is an essential element it must prove to convict defendant. First-degree murder is a violent felony. Therefore, the State contends, accessory after the fact is a qualifying crime under § 7553a. It asks the Court to remand with instructions for the trial court to hold a weight-of-the-evidence hearing pursuant to § 7553a.

We hold that accessory after the fact is not a qualifying crime for the purposes of § 7553a, no matter the predicate felony. We are guided by the plain language of 13 V.S.A. § 7553a and § 5 and case law from other jurisdictions.

We review questions of law without deference to the trial court. State v. Lohr, 2020 VT 41, ¶ 4, 212 Vt. 289, 236 A.3d 1277.

Section 7553a of Title 13 permits a court to hold a person without bail pending trial when they are charged with a felony, an element of which involves an act of violence against another person. In addition, the court must find that the evidence of guilt is great and that there is clear and convincing evidence that "the person's release poses a substantial threat of physical violence to any person and that no condition or combination of conditions will reasonably prevent the physical violence." Id.

Section 5 of Title 13 punishes a person who, with the intent that the offender will avoid arrest or punishment, "harbors, conceals, maintains, or assists" the offender "after" the offender commits the felony. The charge carries a maximum term of seven years to serve and/or the imposition of a $1000 fine, regardless of the nature of the predicate felony.

By its plain language, § 5 does not contain a violent element. See State v. Pellerin, 2010 VT 26, ¶ 7, 187 Vt. 482, 996 A.2d 204 (explaining that Supreme Court begins with statute's plain language when determining its meaning). The State acknowledges as much, as it must, but contends that when the underlying felony itself contains a violent element, § 5 converts into a violent crime to which § 7553a applies. The State asserts that it must prove the "commission of the [violent] felony" to convict defendant, and therefore it must prove an element involving an act of violence at trial. See State v. Williams, 142 Vt. 81, 86, 451 A.2d 1142, 1144 (1982) (holding that § 5 requires the State to prove "commission of an act which constitutes a felony"). This burden, the State argues, means that the trial court is required to at least hold a weight-of-the-evidence hearing to determine whether to hold defendant under § 7553a. We disagree.

An accessory after the fact cannot be liable for the violent acts committed by another person. Other courts have concluded the same. For example, the Appeals Court of Massachusetts reached the same conclusion in a slightly different context. Commonwealth v. Hoshi H., 887 N.E.2d 1104 (Mass. App. Ct. 2008). There, a juvenile was accused of being an accessory after the fact, where the juvenile fled a house with a man who had shot another man and arranged for their

2

transport to another town.  The prosecution sought to indict the juvenile as a "youthful offender," which required a showing that the crime "involves the infliction or threat of serious bodily harm." Id. at 1105 (quotation omitted).  To make that showing, the prosecution contended that by helping the man escape the scene of the crime and concealing him from arrest, the juvenile was vicariously liable for the man's violent conduct.  In affirming the trial court's dismissal of the indictment, the Appeals Court held that the Commonwealth's approach "conflate[s] the form of accessorial liability with which the defendant is charged here with general joint venture liability or liability as an accessory before the fact."  Id. at 1106.  The court explained that the test was to look at the "juvenile's own conduct in assessing the applicability" of the youthful offender provision.  Id.  It held that nothing in the charged conduct contained a violent element.  Id. at 1106-07 (noting that "outcome may well have been different had the juvenile been charged as an accessory before the fact or joint venturer").  The court concluded that accessories after the fact do not share the same mental state required to convict the principal and are, "by definition, not involved in [the underlying felony's] planning or execution."  Id. at 1106.

In Donaldson v. State, the Florida Supreme Court affirmed a defendant's first-degree murder convictions but reversed the sentence imposed because the trial court had improperly permitted the prosecution to present evidence to the jury of the defendant's "prior conviction of accessory after the fact as a prior violent felony."  722 So.2d 177, 184 (Fla. 1998).  The prosecution had characterized the defendant's prior accessory conviction as one where the defendant had acted as a principal to the murder.  The court was clear that a conviction "of accessory after the fact" is "wholly independent and distinct from the underlying crime of murder."  Id. at 185.  "The very definition of" accessory after the fact, the court explained, "precludes" an accessory from "being convicted as a principal to the underlying crime, regardless of the gravity of the underlying crime." Id. at 184.

In United States v. Innie, the Ninth Circuit had to decide whether a conviction of accessory after the fact to the crime of murder for hire could be considered a violent crime for the purpose of a sentencing enhancement.  7 F.3d 840, 850 (9th Cir. 1993).  The court held that "[e]ven if the underlying murder for hire offense is considered to be an element of the accessory offense, culpability for the murder is not attributed to the accessory defendant.  The accessory defendant is liable for the act of receiving, relieving, comforting, or assisting a murderer after the use of force, not for the murderer's use of force."  Id. at 851.  It continued, "being an accessory after the fact to murder for hire does not fit the definition of crime of violence found" in the federal career criminal sentencing enhancement statute.  Id.; see 18 U.S.C. § 16 (defining "crime of violence" as "offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another"); see also United States v. LeBlanc, No: 2:10 CR 00038-001, 2010 WL 4628010, at *2, *4 (W.D. La. Nov. 4, 2010) (noting that there is no such thing as crime of "accessory after the fact to first degree murder" and concluding that accessory after fact contained no violent elements).

"The intent element, or mens rea, of a crime embodies one of the most fundamental principles in criminal law: a person cannot be held criminally liable for causing a bad result without a culpable mental state with respect to that result."  State v. Gadreault, 171 Vt. 534, 535, 758 A.2d 781, 783 (2000) (mem.).  That principle applies to this case.  Both the plain language of § 5 and case law from other jurisdictions demonstrate that defendant can neither be held liable for the intent to kill Isiah Rodriguez nor the commission of that crime.  Accordingly, defendant cannot be

3

held without bail under § 7553a, even if the State must ultimately prove that the underlying felonious conduct involved an act of violence against another person.

The State does not challenge the court's exercise of discretion in the amount of bail imposed or in fashioning the conditions of release. Accordingly, we affirm.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice


_____
William D. Cohen, Associate Justice


_____
Nancy J. Waples, Associate Justice