NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-354

COMMONWEALTH

vs.

HECTOR HEREDIA ALAMO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Superior Court, the

defendant, Hector Heredia Alamo,[1] was convicted of one count of

aggravated rape of a child in violation of G. L. c. 265, § 23A.[2]

---

[1] As is our custom, we refer to the defendant as his name is written in the indictments, although his name is styled as Hector Heredia-Alamo in the defendant's brief.

[2] The defendant was also found guilty of two counts of indecent assault and battery on a child under fourteen, and not guilty of one count of aggravated rape of a child. Those convictions are not challenged on appeal. At the close of the Commonwealth's case, the judge allowed the defendant's motion for a required finding of not guilty as to two counts of aggravated rape of a child, one count of assault with intent to rape a child under sixteen, two counts of indecent assault and battery of a child under fourteen, and one count of intimidation of a witness. The defendant renewed the motion as to the other counts at the close of all the evidence, which the judge denied.

He appeals, arguing that the evidence was insufficient to establish the element of penetration beyond a reasonable doubt. We affirm.

Discussion.  In reviewing a challenge to the sufficiency of the evidence of penetration, we "consider the evidence in the light most favorable to the Commonwealth to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Commonwealth v. Cordle, 412 Mass. 172, 175 (1992).  See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).  To sustain a conviction of aggravated rape of a child, the Commonwealth must prove that (1) the defendant unlawfully had sexual intercourse or unnatural sexual intercourse (2) with a child under sixteen and (3) one of three statutory aggravating factors was present.[3] See G. L. c. 265, § 23A.  "[E]vidence of penetration [is] necessary to prove the act[] of rape . . . in order to differentiate [that act] from other prohibited sexual touchings."  Commonwealth v. Nylander, 26 Mass. App. Ct. 784, 787 (1989).  The defendant contends that the Commonwealth failed to present sufficient evidence of penetration because the victim's use of the term "front private" during her testimony

---

[3] Here, the Commonwealth relied on the aggravating factor of an age difference of five or ten years between the victim and the defendant.  See G. L. c. 265, § 23A.  The evidence established an age difference of forty-three years.

2

was too vague for the jury to infer "exactly what specific part of the body the victim meant."  We are not persuaded.

"[I]t is well settled that penetration, however slight, of a person's genital opening is sufficient" to constitute sexual intercourse.  Commonwealth v. Todd, 87 Mass. App. Ct. 780, 783 (2015).  Penetration is not limited to intrusion into the vagina and may be established by evidence that the defendant "touched or came into contact with the victim's vagina, vulva, or labia."  Commonwealth v. Donlan, 436 Mass. 329, 336 (2002).  "Penetration can be inferred from circumstantial evidence" (citation omitted), Commonwealth v. Jansen, 459 Mass. 21, 29 (2011), and we "recognize that when young children testify about sexual assault, their description of penetration need not be precise," Commonwealth v. King, 445 Mass. 217, 224 (2005).  "We do not require victims to describe with scientific accuracy parts of their anatomy or for children to possess vocabulary and habits of precision that many adults do not command."  Commonwealth v. Moniz, 43 Mass. App. Ct. 913, 914 (1997).

Here, the victim, who was fourteen at the time of trial, testified that on one occasion the defendant removed her underwear and began "touching [her] front private with his mouth," and was "[l]icking it."  She also testified that she could not remember if the defendant "ever put his finger in [her] front private," and that the defendant instructed her to

3

wear looser underwear so that he could touch her without "having to do that much work to get to [her] private." From these statements, the jury could reasonably infer that her "front private" was part of her "vagina, vulva, or labia." See Moniz, 43 Mass. App. Ct. at 914 (testimony of seven year old victim that defendant "licked her pee pee" permitted jury "to infer the degree of penetration necessary to constitute rape, namely, touching of the vulva and labia"). Cf. Nylander, 26 Mass. App. Ct. at 785-787 (testimony of child that defendant touched her "private spot" with his "private spot" was evidence from which jury could infer penetration). Further, the victim testified that she also refers to her "front private" as her "cookie," a slang term for the vagina. See Commonwealth v. Kingsbury, 378 Mass. 751, 753 (1979) ("Jurors are entitled to rely on their general knowledge of matters commonly known within the community").

From the totality of the victim's testimony, the jury could reasonably infer that she intended "front private" to refer to her vaginal area, and by licking that area the defendant committed "the degree of penetration necessary to constitute rape." Moniz, 43 Mass. App. Ct. at 914. The evidence of penetration, viewed in the light most favorable to the

4

Commonwealth, sufficed beyond a reasonable doubt.  See <u>Latimore</u>, 378 Mass. at 676—677.

<u>Judgments affirmed</u>.

By the Court (Blake, C.J., Shin, & Walsh, JJ.[4]),

Clerk

Entered:  May 1, 2025.

---

[4] The panelists are listed in order of seniority.